Mary W. Morgan, Respondent, v Bolsan Realty Corp., Appellant.

Third Department, June 19, 1975

*McDermott & Cheeseman (Alan A. Pfeffer* of counsel), for appellant.

*Gordon K. Garlick* for respondent.

SWEENEY, J. The defendant is the owner of a tract of land subject to easements granted by its predecessor in title in the instrument conveying adjoining land to plaintiff's predecessor in title. That conveyance granted: "A right of way for the sole and exclusive benefit of the party of the second part, his heirs and assigns and any subsequent owner or owners of those premises now owned by the party of the second part or in which he may have any interest, located at Basin Bay, Lake George, New York, and as an appurtenance to the same, for all purposes of a way on foot and by vehicles, and for electric, telephone, water and gas lines, pipes and poles, over a strip of land in the Town of Bolton, Warren County, New York." The easement was thereafter described as extending 10 feet on either side of the traveled edge of an existing roadway passing over the lands of the grantor. It was further provided: "The party of the first part does grant to the party of the second part, his heirs and assigns, the right upon said strip of land to lay, maintain, remove, replace and repair poles, pipe lines and roads for the purposes aforesaid, and either above or below the surface of the ground, and to plant, maintain and replace such trees, shrubs, vines, bushes and flowers thereon as he may desire."

Defendant, intending to intercept such right of way with a 50-foot wide roadway on its property, cut down and destroyed a number of plaintiff's plantings within the right of way. Plaintiff thereupon commenced the present action seeking to restrain defendant from entering upon the right of way for any purpose. The matter was submitted at a Trial Term without a jury on the pleadings and a brief stipulation of facts. The trial court restricted defendant's use of the right of way to ingress and egress in a manner consistent with plaintiff's use and permanently enjoined defendant from cutting plaintiff's plantings within the right of way. It also enjoined defendant from placing any facilities for transmission of gas, water or telephone communications within such easement

area and granted money damages to be determined at a subsequent Special Term. This appeal ensued.

Defendant first urges that the judgment entitled plaintiff to the exclusive use of the right of way. This contention is without merit, as the judgment itself provides that defendant may use such easement for any purpose which does not interfere with plaintiff's use thereof. Next, defendant argues that its intended use of hanging transmission wires, running pipes on the ground and removing a few trees on one side of the right of way for a distance of only 50 feet is reasonable and in no way will inhibit plaintiff's use. We agree with the trial court that these intended uses are not consistent with the full and undisturbed enjoyment by plaintiff of her easements under the grant.

A grantor of an easement may convey or retain that which he desires. In other words he may create an extensive or a limited easement. It is from the language of the conveyance and the pertinent surrounding circumstances that we ascertain what was granted. Here, the language of the easement is very broad, and we believe intentionally so, for it is significant that we are dealing with a conveyance of adjoining land by a mother to a son. The fact that subsequent owners of the land are unrelated cannot alter the grant of the easement as made.

Defendant further contends that the grant to plaintiff's predecessor of the right to plant trees, etc., was a mere personal privilege or "easement in gross" which is not assignable. We do not agree. The language of this easement is clear and unambiguous. The right thereunder was a true easement appurtenant, given to the owner of a dominant estate with a relationship to a servient estate. (Cf. *Antonopulos v Postal Tel. Cable Co.,* 261 App Div 564, 568–569, affd 287 NY 712; 17 NY Jur, Easements and Licenses, § 9.) The easement was for the benefit of the dominant estate and passed to plaintiff with the transfer of title to the dominant estate.

Lastly, defendant maintains that, absent any express written reservation of title, the trees are the property of the owner of the land to which they are annexed and, hence, it has a right to remove them. While, as a general rule, trees are considered real property, under the circumstances here presented where the owner of the dominant estate is given the specific right to plant, maintain and replace such trees, etc., as he may desire, such plantings as he thereafter places upon the land belong to him to do with as he pleases. The language of

the easement manifests an implicit understanding between the grantor and the grantee that they be treated as personal property, notwithstanding their annexation to the real property. (See *Sigrol Realty Corp. v Valcich,* 12 AD2d 430.) Furthermore, the grant of an easement carries with it every incident necessary to make the grant effectual. *(Herman v Roberts,* 119 NY 37, 42.)

The judgment should be affirmed, with costs.

HERLIHY, P. J. (dissenting). The portion of the conveyance given by the defendant's predecessor in title to the plaintiff's predecessor in title dated March 31, 1950, which granted the easement at issue, is quoted in the majority opinion.

It is apparent from the deed description of the location of the easement that one of the purposes of the conveyance was to formalize the obvious interest of the grantee in the existing roadway which he had built and maintained prior to the conveyance. The conveyance enlarged upon the then existing roadway by granting an easement in the land located within 10 feet of each side thereof and extending in length approximately 413 feet.

The rule is that the language in an easement in the event of ambiguity is to be construed most favorably to the grantee and in this instance, the plaintiff *(Missionary Soc. of Salesian Congregation v Evrotas,* 256 NY 86, 89, 90). Of course, in the present case we are concerned with the rights of the plaintiff only insofar as such rights affect the established right of the owner of the servient tenement (defendant) to make such use of the easement area as is not inconsistent with the easement granted. (See *Herman v Roberts,* 119 NY 37, 42, 43; cf. *Central Hudson Gas & Elec. Corp. of Dutchess County v Miron,* 4 AD2d 975, 976.)

There seems to be no doubt in the present case as to the right of the defendant to use the existing roadbed for purposes of ingress and egress and the judgment appealed from grants such right to the defendant.

The easement also grants to the plaintiff the unrestricted right to erect and maintain poles and pipelines for electric, telephone, water and gas service above or below the surface of the ground. It is to be noted that an unrestricted access right of way "for all purposes" would carry with it the right to lay pipelines *(Missionary Soc. of Salesian Congregation v Evrotas,*

*supra)* and would generally include all uses not uncommon to highways. Subject to the rule that a servient tenement owner may not use the land in a manner inconsistent with the easement granted or so as to be an unreasonable use of the land by being detrimental to the full enjoyment by the grantee of the easement, the general rule would be that a servient tenement owner may use the land for the same purposes as the dominant tenement. The record contains no facts which would indicate that the defendant's proposed use would actually interfere with any present use of the premises by the plaintiff. There is no apparent necessity for any interference as long as the defendant's structures are not placed so as to prevent a reasonable clearance for the plaintiff's structures. Giving the language of the easement grant the most favorable interpretation, the burden upon the servient tenement would not preclude a dual use for overhead or underground structures.

The substantial question is whether or not the right as to plantings may be construed as restricting the servient owner from having reasonable and usable access to his abutting land for ingress and egress. It seems well established that the servient tenement owner has the inherent right and privilege to use the right of way for ingress and egress to his own abutting premises. (See *Herman v Roberts, supra.)* This is a right in the owner of the servient tenement implied by law and, accordingly, would be waived only by a clear and express intent. The language of the conveyance granting the right to plant is not expressed as a purpose of the easement and as set forth therein is merely an incident of the maintaining of the right of way. To construe the document as granting an easement for the purpose of planting and maintaining trees, *et cetera,* would require ignoring the express purposes of the grant. In this regard the conveyance does not permit a construction in favor of the plaintiff which would go beyond such plantings as are incidental to maintaining the premises as a right of way extending through a wooded area. The record does not establish that a 50-foot clearing for purposes of access of the defendant is unreasonable or a substantial interference with the plaintiff's right to make plantings. Indeed, the plaintiff had alleged in paragraph 6 of her complaint that at all times she and her predecessor in title had the exclusive use of the right of way, but by stipulation amended it "to mean that the defendant's predecessor in title did not use the easement

in question either as the predominate road to their home * * * or to the beach."

The unexplained stipulation establishes that at some point in time the plantings had been so limited as to permit access from the defendant's abutting premises to the road. As noted in *Missionary Soc. of Salesian Congregation v Evrotas* (256 NY 86, 91, *supra)* "evidence of the use made of this right of way is evidence of the extent of the right". Upon the conveyance the sole construction available is a right to make plantings not inconsistent with the right of reasonable ingress and egress to the area by the servient tenement owner. There is no ambiguity which would support a construction permitting the owner of the dominant tenement to effectively preclude a right of reasonable ingress and egress by making plantings along the entire right of way. However, the record does not establish where the predecessor in title of defendant had previously secured access to the right of way for the use of the abutting premises or whether or not the access proposed to be used by the defendant will disturb any plantings made by the plaintiff.

The majority seek to impose an unnecessarily restrictive interpretation on the descriptive language herein. (See *Passaic Val. Council Boy Scouts of Amer. v Hartwood Syndicate,* 46 AD2d 247, 250.)

The record establishes that the plaintiff retains title to the plantings as found by the majority herein. The appropriate relief would be precluding the defendant from any more access to the existing roadway than 50 feet and by requiring that the plaintiff be given notice of at least 60 days of the proposed clearing for access purposes so as to enable plaintiff to remove or relocate such growths as plaintiff may desire from that particular area.

Lastly, it is to be observed that the owner of the servient tenement has no right to change the character of the roadbed from that which is established by the plaintiff and may not increase the plaintiff's expense of maintaining the same for such owner's common use.

The judgment appealed from should be modified in accordance with the foregoing opinion and by granting leave to the parties to apply at the foot of the decree for a further determination as to the reasonableness of any specific proposed intersecting roadway by the defendant and specifically as to its proposed width and location.

GREENBLOTT, MAIN and REYNOLDS, JJ., concur with SWEE-NEY, J.; HERLIHY, P. J., dissents and votes to modify in an opinion.

Judgment affirmed, with costs.