■ HUDSON VALLEY CABLEVISION CORPORATION, Doing Business as CONTINENTAL CABLEVISION, Appellant, v 202 DEVELOPERS, INC., et al., Respondents, et al., Defendants.—In an action for a judgment declaring that the plaintiff is the owner of an easement located on the property of the defendant 202 Developers, Inc., and is entitled to install, operate, and maintain cable television poles, cables, and wires thereon, the plaintiff appeals from a judgment of the Supreme Court, Rockland County (Weiner, J.), dated December 18, 1991, which granted the motion of the defendant 202 Developers, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint, in which the defendant Barclays Bank of New York, N. A., joined.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant 202 Developers, Inc. which was to dismiss the second cause of action, and adding thereto a provision denying

that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, to determine the plaintiff's pending and undecided motion for a preliminary injunction prohibiting the defendants from removing cable television poles, cables, and wires; pending determination of the plaintiff's motion for a preliminary injunction by the Supreme Court, the injunction contained in the decision and order of this court dated January 29, 1992, shall remain in effect; and it is further,

Ordered that the defendants' time in which to serve an answer is extended until 30 days after service upon them of a copy of this decision and order with notice of entry.

This case involves a dispute between two adjoining property owners in the Town of Haverstraw. The plaintiff operates a transmitting tower on its premises in order to provide cable television services to approximately 13,000 customers in the North Rockland County area. On or about April 22, 1991, the plaintiff commenced the instant action seeking a declaration that it is the owner of a right-of-way over the property of the defendant 202 Developers, Inc. (hereinafter 202 Developers) for the continued installation, operation, and maintenance of cable poles and wires. In conjunction with the commencement of its action, the plaintiff moved for a preliminary injunction seeking to enjoin 202 Developers from interfering with and removing previously installed poles and cable wires pending a final determination of the action.

In its complaint, the plaintiff alleges that in July 1967 its predecessor-in-interest, Hudson Valley Cablesystems Corp., obtained title to a one-acre parcel of property by deed from the Kanje Corp., the predecessor-in-interest of the 202 Developers. The deed conveyed the property together with a right-of-way "for all purposes of ingress and egress" across the property retained by the grantor, thereby providing access to Route 202. The exact location of the right-of-way was to be fixed by a later agreement taking into consideration a proposed road to be built by the grantor.

In or about 1968, Hudson Valley Cablesystems Corp. allegedly began installing cable lines from the transmitting tower on its property across the grantor's property along the right-of-way to Route 202 in order to provide cable services for its customers. Additional poles and wires were installed next to the cable lines in or about the spring of 1981.

The defendant 202 Developers obtained title to the property

formerly owned by the Kanje Corp. in or about December 1985. Approximately five years later, 202 Developers informed the plaintiff that the poles and wires had been installed illegally. The plaintiff searched the records of the Town of Haverstraw, and the Rockland County Clerk, and learned that the easement had not been recorded in the grantor's chain of title. When 202 Developers threatened to remove the poles and wires from its property, the plaintiff commenced the instant action and subsequently moved by order to show cause for a preliminary injunction enjoining the defendants from removing any cable television poles, cables, and wires.

In the first cause of action asserted in its complaint, the plaintiff claims that it obtained an easement by prescription. In its second cause of action, the plaintiff alleges that as a result of the provision in the 1967 deed granting the right-of-way, and the fact that the cable poles and wires were visible since 1968, it is entitled to a declaration that it possesses a valid easement, by constructive notice, over the property of 202 Developers for the continued installation and maintenance of cable poles and wires.

The defendant 202 Developers moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, arguing that Real Property Law § 261 barred the plaintiff from obtaining an easement by prescription under the circumstances of this case. The defendant 202 Developers also argued that at most, the plaintiff had a right-of-way for ingress and egress but was not entitled to install cable lines, poles, and wires.

In opposition to the motion to dismiss, the plaintiff provided an affidavit from Samuel Shechter, an officer employed by the original grantor, Kanje Corp. Mr. Shechter's affidavit indicates that the purpose of the right-of-way was to permit the grantee to provide cable television service to the homes that were to be built on the grantor's property, and to others in the grantee's franchise area. His affidavit also indicates that the grantor recognized that the cable tower would have been useless without the right to install and maintain cable poles and wires on its property, and accordingly, it was the intention of the grantor to give the grantee that right.

The Supreme Court granted the motion of 202 Developers and dismissed the complaint.

By decision and order dated January 29, 1992, this court granted the plaintiff's application for a stay by enjoining the defendants from removing or interfering with the cables,

poles, and wires installed on its property pending determination of this appeal.

Although the Supreme Court correctly determined that the plaintiff could not obtain an easement by prescription under the facts alleged in this case, and properly dismissed the first cause of action, we conclude that the court erred in finding that the right-of-way in question provides for ingress and egress only and cannot be construed as granting the right to erect poles, cables, and wires. Accordingly, we reinstate the second cause of action and grant the plaintiff's motion for a preliminary injunction.

An instrument creating an estate or interest in real property must be construed according to the intent of the parties, insofar as their intent can be determined by the language of the grant *(see, Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150). The language of the grant in the 1967 deed from the Kanje Corp. does not expressly or impliedly limit the scope of the right-of-way to providing the grantee solely with a means of access to and from Route 202. Where, as here, the terms of the express grant do not contain any specific limitations or boundaries, the rule of construction is that the grantee may use the right-of-way in any manner which is necessary and convenient for the purpose for which it was granted *(see, Mandia v King Lbr. & Plywood Co., supra; Minogue v Kaufman,* 124 AD2d 791, 792). The use of the language "for all purposes" in the grant appears to confer far more extensive rights than those of mere ingress and egress *(see, Missionary Socy. v Evrotas,* 256 NY 86, 89). Under the circumstances, the plaintiff should be permitted to offer extrinsic evidence to establish the grantor's intent and the purpose of the right-of-way.

Although the right-of-way was not recorded in the grantor's chain of title, it is alleged that the poles and wires had been erected on the property that is burdened by the right-of-way as early as 1968, and were in plain view at the time 202 Developers acquired its interest in the property. Such allegations, if proven, are sufficient to establish that the defendant 202 had constructive notice of the plaintiff's claimed right-of-way *(see, Pallone v New York Tel. Co.,* 34 AD2d 1091, *affd* 30 NY2d 865; *487 Elmwood v Hassett,* 83 AD2d 409, 412). Thus, the motion to dismiss should not have been granted with respect to the second cause of action *(see, Rovello v Orofino Realty Co.,* 40 NY2d 633; *Town of N. Hempstead v Sea Crest Constr. Corp.,* 119 AD2d 744, 746). Thompson, J. P., Lawrence, Miller and Ritter, JJ., concur.