■ JOHN J. ALBRIGHT et al., Appellants-Respondents, v WILLIAM DAVEY et al., Respondents-Appellants. [892 NYS2d 575]—

Spain, J.

This is a dispute over the width and permissible uses of a driveway easement over defendants' land for the benefit of plaintiffs. The easement was created in 1980, when plaintiffs took title to a portion of a larger parcel of property located in the Town of Marbletown, Ulster County, which was jointly owned by plaintiff John J. Albright (hereinafter plaintiff), his parents, and his siblings. Plaintiffs' deed granted them a driveway easement over land retained by the grantors for access to a roadway now known as Albright Lane which, in turn, provides access to the public road.* In 1982, full title to the property over which the driveway extends was deeded to plaintiff's sister, Rosalie Beesimer.

It is undisputed that the driveway preexisted the deed granting the easement by four years and that, sometime between 1986 and 1990, plaintiffs had it paved to its current width of 26 feet. Since its original construction in 1976, the approximately 55-to-60-foot-long driveway has been used by plaintiffs to access their home, to park cars and for certain recreational uses, such as basketball and bike riding. In 1998, plaintiffs received a letter from Beesimer's attorney informing them that they could no

---

* Plaintiffs' deed also granted a separate right-of-way over Albright Lane.

longer use the driveway for parking or recreation, that plaintiffs were trespassing on Beesimer's land and that the actual width of the easement should be limited to nine feet to match the stated width of Albright Lane. Consequently, plaintiffs sued for adverse possession over the entire wedge-shaped tract of land lying between the front line of their property and Albright Lane but, because they were unable to demonstrate that their use was hostile, as opposed to permissive, the action was unsuccessful (*Albright v Beesimer*, 288 AD2d 577 [2001]).

Thereafter, in 2002, Beesimer deeded the parcel to defendant Melissa Davey—Beesimer's daughter—and her husband, defendant William Davey. Defendants then drove metal poles into the pavement in order to physically limit the use and demarcate the width of the easement as they construed it. As a result, plaintiffs commenced this action demanding, among other things, an injunction restraining defendants from interfering with or trespassing on plaintiffs' paved driveway, a declaration that plaintiffs had gained a prescriptive easement over the entire driveway or, alternatively, a declaration that plaintiffs' driveway easement was 26 feet in width. Defendants counterclaimed for emotional damages. Following a bench trial, Supreme Court dismissed defendants' counterclaim as well as most of plaintiffs' claims, but granted plaintiffs' request for a permanent injunction enjoining defendants from interfering with plaintiffs' use of the driveway and declared the width of the easement to be 26 feet. Plaintiffs appeal from the judgment insofar as it limits the use of the driveway easement to "access only" and defendants cross-appeal the finding that it is 26 feet in width.

First, we find that defendants have failed to proffer sufficient evidence to persuade us that Supreme Court erred in finding the easement to be 26 feet in width. "Every instrument creating [or] transferring . . . an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law" (Real Property Law § 240 [3]; *see 328 Owners Corp. v 330 W. 86 Oaks Corp.*, 8 NY3d 372, 381 [2007]). Here, as the 1980 deed which created the driveway easement did not specify a width, it is permissible to consider extrinsic evidence to determine the grantors' intent (*see Eliopoulous v Lake George Land Conservancy, Inc.*, 50 AD3d 1231, 1232 [2008]).

Defendants assert that the grantors intended that the driveway easement be the same width as Albright Lane, which is now, apparently, 11.5 feet in width, although it was described in the deed as 9 feet wide at the time the driveway easement

was created. Aside from the fact that the driveway easement and plaintiffs' right-of-way along Albright Lane were meant to be used together to provide access to the public road, we find no evidence to support defendants' position. A 1986 survey—heavily relied upon by defendants and which could be construed to show the driveway easement as approximately 12 feet in width—was found to be of no probative value in showing the grantors' intent. Testimony of the surveyor established that he had not certified the width of the driveway and, indeed, that any field notes he had used in determining width were relevant to the width of Albright Lane, rather than the driveway easement. Under these circumstances, and given that the survey postdated the conveyance, we agree with Supreme Court that the survey is not relevant to ascertaining the grantors' intent.

On the other hand, the record does contain evidence supporting Supreme Court's determination that the driveway easement was intended to be 26 feet wide. The width of the paved drive is now 26 feet, and plaintiffs testified that, during the time leading up to their deed and until it was paved, it was even wider. Although plaintiffs' testimony was contradicted by Beesimer and another sister, Rosella Crookston, who stated that prior to being paved the driveway was approximately one car width wide, pictures of the unpaved driveway, circa 1982-1984, and testimony of two other witnesses support plaintiffs' position that it has always been wide enough to fit three cars across. Despite this preexisting use of the driveway, the deed creating the easement did not specify or narrow the width, supporting the conclusion that the deeded easement was intended to conform to the existing driveway. Under these circumstances, and giving due deference to Supreme Court's credibility determinations (see Eddyville Corp. v Relyea, 35 AD3d 1063, 1066 [2006]), we will not disturb that court's decision that the driveway easement is 26 feet wide (see Judd v Vilardo, 57 AD3d 1127, 1130 [2008]; Marsh v Hogan, 56 AD3d 1090, 1091 [2008]; Chekijian v Mans, 34 AD3d 1029, 1032-1033 [2006], lv denied 8 NY3d 806 [2007]).

Turning to the use of the easement, we are persuaded by plaintiffs' argument that the easement carries with it a right to use the driveway for certain parking and recreational purposes. Although plaintiffs' deed states that the easement is only provided to give plaintiffs "access to" Albright Lane, "[w]here, as here, the language of the grant contains no restrictions or qualifications and the purpose of the easement is to provide ingress and egress, any reasonable lawful use within the contemplation of the grant is permissible" (Higgins v Douglas, 304 AD2d 1051, 1055 [2003] [internal quotation marks and citations

omitted]; *see Mohawk Paper Mills v Colaruotolo*, 256 AD2d 924, 925 [1998]). Record evidence exists that, at the time the easement was created and thereafter, the driveway was used for parking and recreation; no evidence exists that the grantors intended to restrict the use of the driveway or that any objection was made to such uses prior to 1998. Under these circumstances, we find sufficient evidence that these uses were within the contemplation of the original grant and that any reasonable parking of those vehicles used for ingress and egress by plaintiffs and their guests, as well as reasonable recreational uses, are reasonable uses incidental to the primary purpose of the easement (*see Navin v Mosquera*, 26 AD3d 556, 557 [2006]; *Higgins v Douglas*, 304 AD2d at 1055; *Mohawk Paper Mills v Colaruotolo*, 256 AD2d at 925; *Briggs v Di Donna*, 176 AD2d 1105, 1107 [1991]; *cf. Clark v Filler*, 26 AD3d 683, 684 [2006]).

In light of our holding that the driveway easement granted to plaintiffs is 26 feet wide and includes reasonable recreational and parking uses, we need not reach plaintiffs' alternative arguments that the easement was expanded through implied or prescriptive use.

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the judgment is modified, on the law, with costs to plaintiffs, by reversing so much thereof as declared that the use of the driveway easement was not for any parking or recreational purposes; it is declared that the easement includes recreational and parking uses reasonably incident to its purpose of providing ingress and egress to plaintiffs' property; and, as so modified, affirmed.