ARLENE PHILLIPS et al., Appellants, v CARMINE IADAROLA, Also Known as CARMINE IADAROLA, JR., Also Known as CARMINE R. IADAROLA, JR., et al., Respondents, et al., Defendants. [917 NYS2d 392]—

Malone Jr., J. Appeal from an order of the Supreme Court (Connolly, J.), entered November 19, 2009 in Ulster County, which, among other things, denied plaintiffs' cross motion for partial summary judgment declaring that the installation of certain underground utility lines by defendant Lorrie Place was unlawful.

Defendant Lorrie Place owns a landlocked parcel of property that enjoys a 20-foot-wide deeded easement for a right-of-way over plaintiffs' respective adjoining parcels in order to access a public road. After Place installed below-surface utility lines in the right-of-way as necessary to complete the construction of a house that she was building on her property, plaintiffs commenced this action against Place, defendant Carmine Iadarola and defendant Marada Electric, Inc., seeking, among other things, to enjoin them from continuing with such activity, which they claimed exceeded the scope of the easement.* Upon the parties' cross motions for partial summary judgment, Supreme

* The right-of-way exists over two parcels of property, one owned by plaintiffs Arlene Phillips and Allen Phillips, Jr., and the other owned by *plaintiff Hudson Valley Wine Village, Inc.* The Phillipses and Hudson Valley each commenced separate actions against Place, Iadarola—who formerly had an ownership interest in Place's parcel—and Marada Electric, the company that installed the utility lines. Those two actions were consolidated by the or-

Court granted the motion of Iadarola and Place (hereinafter collectively referred to as defendants) and denied plaintiffs' cross motion. Plaintiffs appeal.

"An instrument creating an estate or interest in real property must be construed according to the intent of the parties, insofar as their intent can be determined by the language of the grant" (*Hudson Val. Cablevision Corp. v 202 Devs.*, 185 AD2d 917, 920 [1992] [citation omitted]; *see* Real Property Law § 240 [3]; *Albright v Davey*, 68 AD3d 1490, 1491 [2009], *lv denied* 14 NY3d 708 [2010]). Here, the original grantors conveyed by deed a landlocked parcel to defendants' predecessor in interest, together with a "20 foot right of way . . . to Blue Point Road." Plaintiffs contend that the plain language of the deed limits defendants' use of the easement to ingress and egress only and, accordingly, defendants have no right to install underground utility lines.

It is only "where the easement *expressly* exists [solely] for the right of ingress and egress" (*Hopper v Friery*, 260 AD2d 964, 966 [1999] [emphasis added]) that the rights under that easement do not include the right to install underground utility lines (*see U.S. Cablevision Corp. v Theodoreu*, 192 AD2d 835, 837 [1993]), and the plain language of the deed does not establish an unambiguous intent by the grantors to limit the rights under the easement. Where the purpose of an easement is to provide a means of ingress and egress, in the absence of any "restrictions or qualifications [on the use] . . . , any reasonable lawful use within the contemplation of the grant is permissible" (*Albright v Davey*, 68 AD3d at 1492 [internal quotation marks and citation omitted]; *see Hudson Val. Cablevision Corp. v 202 Devs.*, 185 AD2d at 920). Here, the undisputed evidence establishes that Place's chain of title contains conveyances among family members and the language of the easement grant is very broad. It is certainly reasonable to conclude that the original grantors contemplated that their daughter would use the parcel as a building lot, which could not be accomplished without installing utilities to and from the parcel. "The fact that subsequent owners of the land are unrelated cannot alter the grant of the easement as made" (*Morgan v Bolsan Realty Corp.*, 48 AD2d 331, 333 [1975], *appeal dismissed* 37 NY2d 921 [1975]). Under the circumstances presented here, Place's installation of necessary underground utilities constitutes a "reasonable lawful use within the contemplation of the grant" (*Albright v Davey*, 68 AD3d at 1492 [internal quotation marks omitted]).

der from which this appeal was taken, although the consolidation is not a disputed issue.

Plaintiffs' remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, with costs.