In an action, inter alia, for injunctive relief and to recover damages for nuisance, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 18, 2011, as granted that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint is denied.
The plaintiff is the owner of property located at 237 Gin Lane in Southampton. According to the plaintiff’s deed, the plaintiff is entitled to “a right of way for ingress and egress, and for all other purposes” over a 30-foot-wide strip of land running from Gin Lane to the plaintiffs lot. Fart of the right-of-way is located on the lot at 241 Gin Lane.
In July 1999, the former owner of 241 Gin Lane planted an eight-foot-wide mature hedge on the portion of the right-of-way that was located on her lot. According to the plaintiff, he immediately objected and subsequently asked the former owner on repeated occasions to remove the hedge. After the defendants purchased 241 Gin Lane in October 2006, they also refused to remove the hedge.
In July 2010, the plaintiff commenced this action seeking, inter alia, to direct the defendants “to remove the hedges, tress, plantings, structures, and all impediments substantially and *990 unreasonably interfering with [the plaintiff’s] right of way.” The Supreme Court, inter alia, granted that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint.
The defendants failed to establish, prima facie, that the hedge did not substantially interfere with the plaintiffs right-of-way. The use of the language “for all purposes” in the grant appears to confer far more extensive rights than those of mere ingress and egress (see Missionary Socy. of Salesian Congregation v Evrotas, 256 NY 86, 89-90 [1931]; Hudson Val. Cablevision Corp. v 202 Devs., 185 AD2d 917, 920 [1992]).
The defendants also failed to establish, prima facie, that the action is time-barred. “[A] trespass that constitutes an unlawful encroachment on a plaintiff’s property will be considered a continuous trespass giving rise to successive causes of action. Thus, for purposes of the statute of limitations, suits will only be time-barred by the expiration of such time as would create an easement by prescription or change in title by operation of law” (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009] [citation omitted]; see 509 Sixth Ave. Corp. v New York City Tr. Auth., 15 NY2d 48 [1964]). Thus, the plaintiffs action would be time-barred if the right-of-way has been extinguished through adverse possession (see Spiegel v Ferraro, 73 NY2d 622, 624 [1989]).
While the defendants established that the hedge existed openly and continuously for a period of over 10 years prior to the commencement of the action (see CPLR 212 [a]; Estate of Becker v Murtagh, 19 NY3d 75, 80-81 [2012]), RPAPL 543 (1), which was enacted in 2008, provides: “Notwithstanding any other provision of this article, the existence of de [minimis] non-structural encroachments including, but not limited to, fences, hedges, shrubbery, plantings, sheds and non-structural walls, shall be deemed to be permissive and non-adverse.” The plaintiff contends that pursuant to RPAPL 543 (1), the existence of all encroaching hedges and shrubbery, no matter how large, shall be deemed permissive and non-adverse. Under the plaintiffs interpretation of the statute, the list of examples contained in RPAPL 543 (1) are examples of “de [minimis] nonstructural encroachments.” We reject this interpretation. The more reasonable interpretation of RPAPL 543 (1) is that the list contains examples of “non-structural encroachments” which could still be adverse if they are not de minimis. This reading gives effect to the words “de [minimis],” while the plaintiffs interpretation would render those words superfluous. “It is a cardinal principle to be observed in construing legislation that *991 . . . whenever practicable, effect must be given to all the language employed. Our duty is to presume that each clause . . . has a purpose” (Cahen v Boyland, 1 NY2d 8, 14 [1956] [internal quotation marks and citations omitted]). Nevertheless, the plaintiff raised a triable issue of fact as to whether, under the circumstances of this case, the eight-foot encroachment was de minimis within the meaning of RPAPL 543 (1). Accordingly the Supreme Court should have denied that branch of the defendants’ cross motion which was for summary judgment dismissing the complaint. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.