■ TIMOTHY PHILLIPS et al., Respondents, v SIGMUND JACOBSEN et al., Appellants, et al., Defendants.—In an action for declaratory and injunctive relief, the defendants Sigmund Jacobsen and Patricia Ann Jacobsen appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Colabella, J.), dated July 3, 1984, as granted a motion for partial summary judgment brought by the plaintiffs Robert Murphy and Philad Realty Co. joined in by the plaintiffs Timothy Phillips and Melody Phillips, as against the appellants, declared a certain easement dedicated by Mr. Jacobsen to the defendant Town of Stony Point as one for ingress and egress, and enjoined the appellants from interfering with the use of said easement.

Order affirmed, insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

Mr. Jacobsen is the developer of a subdivision known as

Fawn Ridge Estates in Stony Point, New York. By a subdivision map filed in 1973, he irrevocably dedicated to the town a 50-foot-wide easement running through his property. The easement was not specifically designated as one for any particular purpose, and no express restrictions were placed upon its use. One end of the easement terminates at a town road running through the subdivision.

When Mr. Jacobsen prevented the plaintiffs from clearing the easement so that a private driveway could be constructed, the instant action ensued. On the motion for partial summary judgment, Mr. Jacobsen contended that it was never his intention that the easement be used for ingress and egress to the plaintiffs' property. Therefore, he claimed that such use was beyond the scope of the grant. Special Term disagreed and granted the plaintiffs' motion. We now affirm Special Term's order, insofar as appealed from.

The extent of an easement claimed under a grant is generally determined by the language of the grant (see, Herman v Roberts, 119 NY 37; Miller v Edmore Homes Corp., 285 App Div 837, affd 309 NY 839). Where necessary, the construction of the grant may be aided by a consideration of the surrounding circumstances tending to show the intention of the parties (see, Matter of City of New York [West Tenth St. Realty], 267 NY 212). However, the terms of the grant are to be construed most strongly against the grantor in ascertaining the extent of the easement (see, Dillon v Moore, 270 App Div 79, affd 296 NY 561). An easement granted in general terms must be construed to include any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant (see, Missionary Socy. v Evrotas, 256 NY 86).

In the absence of any countervailing factors, a reasonable use of an easement consisting of a 50-foot-wide strip of land, with a terminus at a town road, is as a driveway providing access to property adjoining the easement (see, Missionary Socy. v Evrotas, supra). Mr. Jacobsen, an experienced developer, should have contemplated that the easement would be used for ingress and egress to the plaintiffs' property. Mr. Jacobsen's affidavit does not reveal a contrary intent. Gibbons, J. P., Brown, Lawrence and Kooper, JJ., concur.