■ Circuit City Stores, Inc., Respondent, v David Muss et al., Appellants, et al., Defendants.—In an action, inter alia, for a judgment declaring that the plaintiff has the right to enter and use the parking facilities of the property known as the Sunrise Mall in accordance with an easement agreement, the defendants David Muss, S. Joseph Tankoos, Jr., and Hudson Resources, Inc. appeal from a judgment of the Supreme Court, Nassau County (Morrison, J.), entered February 25, 1988,

which, after a nonjury trial, declared that the plaintiff was entitled to enter and use the parking facilities of the property known as the Sunrise Mall.

Ordered that the judgment is affirmed, with costs.

The plaintiff is a tenant of a parcel of property located in Nassau County and improved with a building that is used as a retail store. The parcel is situated next to a shopping center operated by the defendants David Muss and S. Joseph Tankoos, Jr. and known as the Sunrise Mall (hereinafter the mall). When the mall was built, the defendants Muss and Tankoos allegedly constructed an access road over part of the parcel, which belongs to the defendant Arzillo of Carmans Road, Inc. (hereinafter Arzillo). In 1973, in order to resolve a dispute as to the ownership of the property upon which the access road was built, Muss, Tankoos and Arzillo executed an easement agreement. Under the terms of the agreement Arzillo gave the mall an easement to use the disputed property as an access road. The mall paid Arzillo $2,000, installed two curb cuts in Arzillo's rear parking lot, one of which allowed passage into the mall's parking lot, and gave it an easement over its property. The plaintiff subsequently leased the property from Arzillo. In 1982 the plaintiff applied for a special use permit to open a retail electronics business on the parcel. The permit was denied because the parcel did not have sufficient parking. The plaintiff commenced this action to determine whether the easement permitted it and its invitees to park on the mall property.

In interpreting an instrument creating an interest in real property the courts must construe it according to the intent of the parties, as far as that intent can be discerned from the entire instrument (Real Property Law § 240 [3]). In the instant case it is clear that the Supreme Court's interpretation of the easement agreement was correct. Although the easement agreement states that the easement was granted "for the purpose of entering on all portions of Grantees' Land and as a means of ingress and egress to and from Carmans Road", it added that Arzillo, its tenants and their invitees would be subject to the mall's parking regulations. Reference to parking regulations would not be necessary if the mall merely intended to grant a right-of-way from Arzillo's property to its own. Thus, the instrument as a whole indicates that the parties intended that Arzillo, its tenants, and their invitees be permitted to park in the mall's parking area. The Supreme Court's determination is further supported by the general rule of construction that a document is to be construed against the

drafters, which in this case were the defendants Muss and Tankoos *(see, e.g., 67 Wall St. Co. v Franklin Natl. Bank,* 37 NY2d 245, 249) and by the rule that the terms of an easement by grant are to be construed against the grantors, i.e., Muss and Tankoos *(see, Phillips v Jacobsen,* 117 AD2d 785, 786). Thompson, J. P., Bracken, Rubin and Balletta, JJ., concur.