■ DANIEL J. LEDLEY et al., Respondents-Appellants, v D.J. & N.A. MANAGEMENT, LTD., Appellant-Respondent. [643 NYS2d 675]

The parties to this litigation own adjoining parcels of land in Brewster, which originated from a common grantor. In the original grant the plaintiffs' parcel was granted an easement providing the plaintiffs' predecessors-in-interest the "right to pass and repass over the right-of-way across the adjoining lands" of the grantor. At the time of the original grant the only available right-of-way was along the easterly border of the defendant's property and the extent of the right-of-way was limited by a structure then existing on the defendant's parcel about 17 feet from the border, at its closest point. Insofar as a grantor of an easement may create an extensive or limited easement (see, Morgan v Bolson Realty Corp., 48 AD2d 331, 333), the extent of an easement claimed is to be determined by the language of the grant (see, Phillips v Jacobsen, 117 AD2d 785, 786). Moreover, the terms of the grant are to be construed most strongly against the grantor in ascertaining the extent of the easement (see, Circuit City Stores v Muss, 151 AD2d 714, 715). Here, the language of the easement is very broad and there is nothing in the grant, express or implied, which restricts or qualifies its use other than as a right-of-way and to pass and repass over the defendant's property. Moreover, where an easement is created by express grant and its sole purpose is to provide ingress and egress, but it is not specifically defined or bounded, " 'the rule of construction is that the reservation refers to such right of way as is necessary and convenient for the purpose for which it [is] created' " (Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 158; see, Village of Larchmont v City of New Rochelle, 100 Misc 2d 463, 466; see also, Minogue v Kaufman, 124 AD2d 791, 792), and it includes

"any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" *(Phillips v Jacobsen, supra,* at 786). Here, the evidence adduced at trial shows that the easement provided access to the western border of the plaintiffs' parcel and the building thereon, including such reasonable use as parking for short periods of time.

The remaining contentions of the defendant are without merit. In light of our determination, the plaintiffs' cross appeal is academic. Miller, J. P., Ritter, Krausman and McGinity, JJ., concur.