■ LOIS B. HOPPER, Respondent, v JAMES M. FRIERY, Appellant. [689 NYS2d 305] —Graffeo, J. Appeals (1) from an order of

the Supreme Court (Ingraham, J.), entered May 7, 1998 in Otsego County, which granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

Plaintiff commenced this action against defendant, an adjacent landowner, seeking, *inter alia*, a declaratory judgment that she had the right to an easement over a portion of defendant's property. Plaintiff moved for summary judgment, which was granted by Supreme Court. Defendant now appeals.

In December 1963, defendant and Frank Humphreys purchased undeveloped real property along the east side of Otsego Lake in Otsego County from Fenimore Riding Camps, Ltd. The deed provided for "the perpetual use of the driveway as it now exists running southerly from the county highway across the southeasterly portion of the premises". The property was divided into four parcels in 1968; Humphreys retained the northern most parcel, defendant held the adjoining parcel directly to the south, and the remaining two parcels further to the south were acquired by Robert Crandall and Jane Crandall and Robert Bookhout and Wahneta Bookhout, respectively. In May 1968, prior to the development of the property, the owners of all four parcels entered into an agreement whereby they granted to each other the right to use the aforesaid "road or driveway and any extensions thereof to their respective properties, for all ordinary purposes of ingress and egress".

Between 1969 and 1972, a road/driveway was constructed to provide improved vehicular access in connection with the erection of structures on the parcels. As a result of these improvements, the road/driveway began at County Route 31 and arched southward through all four parcels, connecting to the existing driveway at a westerly point in defendant's property and eventually reconnecting with the County highway at its most southerly point. The owners shared in the construction and maintenance costs of the road and, in addition, defendant, the Bookhouts and the Crandalls created parking spaces behind their respective camps, the cost of which was borne individually. Defendant's parking area, which was located completely on his property and behind his house, extended off the side of the road and terminated at the edge of Humphreys' property (the northern boundary line of defendant's property). In May 1992, Humphreys conveyed his parcel to plaintiff subject to the 1968 agreement. Thereafter, defendant placed a fence blocking access to his "parking space" which prompted plaintiff to commence this action.

Plaintiff asserts that she is entitled to an easement with respect to the paved area which defendant claims is his parking

space by virtue of the 1968 agreement between the parties, as well as the 1963 and 1968 deeds to Humphreys, plaintiff's predecessor-in-title, which provided for the "perpetual use of the driveway". While defendant acknowledges that the road/driveway is subject to an easement in favor of all property owners, he maintains that the area in question was not part of the road, nor was it used for ingress or egress; rather, it is merely a parking area situated on his property and has been used exclusively by him.

The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties (*see, Phillips v Jacobsen*, 117 AD2d 785, 786; *see also, Serbalik v Gray*, 240 AD2d 999, 1000). Further, where the easement expressly exists for the right of ingress and egress, "it is the right of passage, and not any right in a physical passageway itself, that is granted to the easement holder" (*Lewis v Young*, 92 NY2d 443, 449), and the grantee is limited to use necessary and reasonable for that purpose (*see, Minogue v Kaufman*, 124 AD2d 791, 792).

Although all parties acknowledge that a valid easement existed for the driveway referenced in the February and March 1968 deeds which divided the property and any extensions thereof based on the May 1968 agreement between the four owners, the dispositive issue is whether the paved area in dispute was part of the original easement or an "extension" of the driveway within the purview of the 1968 agreement. Plaintiff contends that the area in question was part of the original driveway and, hence, subject to the easement. In contrast, defendant maintains that the subject area did not exist until 1971 or 1972 and was not part of the original driveway referenced in the 1968 deeds or any extension thereof. Defendant and Robert Bookhout both indicated that prior to 1969, the existing driveway referred to in the deeds was south of the four parcels and did not cross their respective properties. Similarly, Terry Morley stated in his affidavit that no road existed leading to defendant's property when he constructed the driveway in 1969 and graded a portion of defendant's land behind his cottage for the purpose of creating the parking space. Additionally, Craig Gifford, the contractor who paved the driveway in 1971 or 1972, recalled that he performed extra work for defendant and another landowner in that he constructed the parking spaces, one of which was located on the graded portion of the land behind defendant's cottage.

Furthermore, it is clear that the easement contained in the

1968 agreement which pertained to the original driveway and the extension completed between 1969 and 1972 was designed to provide each landowner with "ordinary ingress and egress" in relation to their respective properties. The area in question existed wholly on defendant's land and the grading and blacktopping was done at the defendant's behest and expense. The record further contains evidence establishing that plaintiff's predecessor, Humphreys, had a staircase erected behind his house to access the common driveway which was where he regularly parked. Hence, plaintiff has failed to establish as a matter of law that the area in question was necessary for her ingress and egress, the stated purpose of the easement (see, Minogue v Kaufman, supra, at 792). Moreover, the fact that plaintiff's cottage may be more easily accessed through defendant's land does not create a right-of-way without a manifestation that it was intended to be included in the easement.

Accordingly, we conclude that the evidence proffered by defendant is sufficient to raise a question of fact with respect to whether the area at issue was part of the original driveway or an "extension" thereof within the meaning of the May 1968 agreement, thereby necessitating a denial of plaintiff's summary judgment motion (see, McCormick v Long, 226 AD2d 1067; Rose v La Joux, 93 AD2d 817).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order and judgment are reversed, on the law, with costs, and motion denied.