■ THOMAS ALBRECHTA et al., Appellants, v BROOME COUNTY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. [710 NYS2d 709] —Peters, J. Appeal from an order of the Supreme Court (Rose, J.), entered April 26, 1999 in Broome County, which, *inter alia*, granted defendants' cross motion for summary judgment dismissing the complaint.

By order dated June 18, 1996, defendant Broome County Industrial Development Agency (hereinafter BCIDA) was awarded a perpetual easement over plaintiffs' properties pursuant to EDPL 402 (B) (6) for the purpose of "constructing and maintaining a slope, drainage ditch, and buffer strip" for a large warehouse facility being built by defendant Maines Paper and Food Services, Inc., on adjoining industrial property owned by BCIDA. After the entry of the order granting the easement and an appraisal of plaintiffs' properties indicating a value of $1,000 per acre, plaintiffs were paid $1,200 per acre.

Excavation in connection with the construction prompted the commencement of this action. Plaintiffs asserted that defendants removed large amounts of soil from the properties subject to the easement to use as fill on other areas of the project and that such wrongful excavation changed the terrain of their property. Alleging conversion, trespass and unjust enrichment, plaintiffs thereafter moved for partial summary judgment, prompting defendants' successful cross motion for summary judgment dismissing the complaint.

Plaintiffs' primary contention on appeal is that defendants exceeded the scope of the easement, thereby entitling them to monetary damages. We disagree. "The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tend-

ing to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [citations omitted]; *see, Phillips v Jacobsen*, 117 AD2d 785, 786). In determining the extent of an easement, it "must be construed to include any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" (*Phillips v Jacobsen, supra*, at 786; *see, Stock v Ostrander*, 233 AD2d 816, 818). Although plaintiffs submitted the affidavit of their engineer, David Marnicki, who opined that a simple drainage system might have sufficed, he admitted that "the extent of the excavation performed was necessary in order to construct the planned building." Although unstated in the easement itself, it was unquestionably granted to facilitate the construction of such warehouse on BCIDA's adjoining industrial property. Defendants' engineer, Thomas O'Connor, detailed the constraints imposed upon construction by the local zoning laws and the necessity to remove soil and change the slope of the property subject to this easement so as to remain in conformity with the erosion plan required by the Department of Environmental Conservation.

Upon these facts, we agree with the dismissal of any contention alleging a trespass or conversion of plaintiffs' property. BCIDA removed only that soil which was necessary to effectuate the express purpose of its easement and that which was "reasonably necessary" (5 Warren's Weed, New York Real Property, Easements, § 15.01 [1] [4th ed]) for the construction of the required slope and buffer strip—the purpose for which the easement was created (*see, id.; see also, Robert v Sadler*, 104 NY 229; *Cotanch v Grover*, 57 Hun 272).

Similarly without merit is the claim for unjust enrichment. To prevail "plaintiff must show that (1) defendant was enriched (2) at plaintiff's expense, and (3) that 'it is against equity and good conscience to permit * * * defendant to retain what is sought to be recovered' " (*Lake Minnewaska Mtn. Houses v Rekis*, 259 AD2d 797, 798, quoting *Paramount Film Distrib. Corp. v State of New York*, 30 NY2d 415, 421, *cert denied* 414 US 829). Determinative is the fact that the fair market value of the land subject to the easement was $200 less per acre than that which plaintiffs were paid. As plaintiffs further failed to make any viable showing that the soil had any value separate from the land itself, and unrefuted statements by defendants' engineer revealed that the soil provided poor drainage and was of poor construction quality, summary judgment was properly granted.

Mercure, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.