■ JODY L. SEIDE, Appellant, v PAUL J. GLICKMAN et al., Respondents. [744 NYS2d 342] —In an action, inter alia, for a

judgment declaring that the defendants' proposed enlargement of their house would violate the plaintiff's easement for light and air, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated March 9, 2001, which granted the defendants' motion for summary judgment declaring that the plaintiff's easement does not prohibit the defendants from erecting their proposed enlargement.

Ordered that the order and judgment is affirmed, with costs.

The extent of an easement claimed under a grant is generally limited by the language of the grant, as a grantor may create an extensive or a limited easement (*see Papasmiris v Katsos,* 262 AD2d 619; *Ledley v D.J. & N.A. Mgt.,* 228 AD2d 482; *Mandia v King Lbr. & Plywood Co.,* 179 AD2d 150). The terms of the grant are to be construed most strongly against the grantor in ascertaining the extent of the easement (*see Ledley v D.J. & N.A. Mgt., supra; Circuit City Stores v Muss,* 151 AD2d 714, 715). The facts of this case support the Supreme Court's determination that the grant limits the application of the easement to the most northerly three feet of the defendants' property. Since the defendants' plans do not include any construction in that three-foot area, there was no violation of the easement. Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment. Florio, J.P., Smith, Friedmann and Townes, JJ., concur.