■ Lois Clark, Plaintiff, and Robert Strasser et al., Respondents, v Martin M. Filler, Appellant. [809 NYS2d 305]—

Rose, J. Appeals (1) from an order of the Supreme Court (Krogmann, J.), entered October 27, 2004 in Washington County, which, inter alia, partially denied defendant's motion for summary judgment, and (2) from an order of said court, entered July 28, 2005 in Washington County, which denied defendant's motion for reconsideration.

This appeal concerns the interpretation of a "Declaration of Covenants, Restrictions and Easements" (hereinafter the declaration) contained in the parties' deeds to adjoining properties on the shore of Lake George in Washington County. The declaration, among other things, grants an easement to plaintiffs Robert Strasser and Janis Strasser (hereinafter collectively referred to as plaintiffs) to access the lake over defendant's property and use defendant's covered dock "for purposes of boating, bathing and swimming." The declaration also provides that plaintiffs would bear any expense of repairing or replacing the dock and "[a]ny replacement of said dock will be of like quality to the existing dock." Supreme Court read these terms to permit plaintiffs to replace the existing corrugated metal hip roof over defendant's dock with a flat wooden sundeck with a railing around it and a stairway to permit plaintiffs and their guests to access and gather on the sundeck.

"The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999] [citations omitted]; *see Higgins v Douglas*, 304 AD2d 1051, 1054-1055 [2003]; *Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651, 651-652 [2000]). Here, rather than grant a general easement as to defendant's dock that would include any reasonable lawful use (*cf. Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]), the declaration limits the permitted uses of the dock and specifies the nature of any replacement (*see Wechsler v People*, 13 AD3d 941, 943 [2004]). Supreme Court found that "boating, bathing and swimming" must include sunbathing because "bathing" is listed separately from "swimming" and personal cleansing is the only other type of bathing of which the court was aware. Supreme Court also found no violation of the requirement that any replacement be of "like quality" since the proposed flat sundeck has some of the same dimensions, although not the same design, profile or purpose as the sloping roof it would replace.

Even if we were to agree that sunbathing is a reasonable accessory use of the dock itself, we cannot agree that the right to make such use implies a right to alter defendant's existing structure to permit access to the roof for that purpose. While the declaration certainly obligates plaintiffs to pay the expenses necessary to maintain, repair or replace the dock, it confers no affirmative right to make such significant changes to both its function and appearance. Since the proposed sundeck would be located only 15 feet from defendant's front porch, and the sights and sounds of persons using it would greatly increase the burden upon the servient estate, we construe the declaration's requirement that any replacement be of "like quality" to mean replacement by a similar type of roof as well as similar size and quality. Plaintiffs are not faced with a situation where the easement would be without purpose if no sundeck could be constructed (*cf. Monahan v Hampton Point Assn.*, 264 AD2d 764, 764 [1999]). Based on this record and the language of the declaration, we discern no factual issues and conclude that plaintiffs' claim of a right to alter defendant's dock and expand its uses is refuted as a matter of law.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders are modified, on the law, without costs, by declaring that plaintiffs' easement does not authorize replacement of the roof of defendant's dock with a sundeck, and, as so modified, affirmed.