■ RAVEN INDUSTRIES, INC., et al., Respondents, v RICHARD G. IRVINE et al., Appellants. [834 NYS2d 753]—

Lahtinen, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered February 2, 2006 in Warren County, which, inter alia, partially granted plaintiffs' motion for partial summary judgment.

Defendants contracted to purchase a lot in the Town of Queensbury, Warren County in a new subdivision being developed by plaintiff Harold T. Raven, Jr. on sloping terrain near a mountain. As part of the agreement between the parties, the house was to be constructed by Raven's company, plaintiff Raven Industries, Inc. Defendants were granted a temporary easement allowing access to the lot until such time as the area set forth in the easement became a town road. Because of alleged inferior work and protracted delays, defendants replaced plaintiffs with another contractor part way through the house construction project. Once fired, Raven then complained to the Department of Environmental Conservation that defendants were constructing a home without a storm water management plan. Thereafter, defendants retained an engineer to develop such a plan. They also constructed ditches in portions of the easement since such were allegedly necessary to keep the road to their home in passable condition.

Plaintiffs commenced a breach of contract action and, later, amended their complaint to allege, among other things, nuisance and trespass. They contended that defendants lacked permis-

sion or authority to place ditches along the easement and that defendants' storm water plan emptied water onto Raven's property. Defendants asserted numerous counterclaims. Plaintiffs eventually moved for partial summary judgment on various causes of action. The motion was granted, in part, as to the alleged trespass, and injunctive relief was granted. Defendants appeal.

"[I]ssue-finding, rather than issue-determination, is the key" when addressing a summary judgment motion (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [internal quotation marks omitted]; *see Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]; *Hierro v Bliss Co.*, 145 AD2d 731, 732 [1988]). Moreover, it is well settled that the evidence must be viewed in the light most favorable to the nonmovant (*see Blandin v Marathon Equip. Co.*, 9 AD3d 574, 576 [2004]; *Walton v Albany Community Dev. Agency*, 279 AD2d 93, 95 [2001]). While plaintiffs submitted sufficient proof to meet their initial burden, review of the record discloses that defendants countered with adequate evidence to raise triable issues.

"The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties" (*Hopper v Friery*, 260 AD2d 964, 966 [1999] [citations omitted]; *see Clark v Filler*, 26 AD3d 683, 684 [2006]). It is clear that this easement was intended to allow a driveway or temporary road for vehicles to reach the lot until the area described therein became a town road. There is evidence that the ditches or trenches were located within the area described in the easement and defendants submitted an affidavit from their engineer opining that such work was necessary to make the easement usable. In light of the unusual circumstances of this case, it cannot be concluded that putting ditches in a temporary easement that was to become a town road to keep it usable for its intended purpose was a trespass as a matter of law to the servient estate owner, who was developing the entire area and had recently sold the lot to the current owner (*see generally Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86 [1931]).

Regarding water drainage, defendants' expert explained that, given the amount of work that plaintiffs claimed they had done on defendants' house before being fired (i.e., framed, windows in, roof on, wiring and heat nearly completed), it was his professional engineering experience that all the required storm water management structures should have already been constructed by plaintiffs. He further opined that the structures put in place

following plaintiffs' departure reduced the water run-off to less than the preconstruction run-off and that there was not an overflow of sediment or storm water from defendants' lot onto Raven's property. Numerous factual issues in this case are intertwined throughout the many claims and counterclaims of the parties and, absent a settlement, will have to be weighed and determined by the factfinder.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially granted plaintiffs' motion; motion denied in its entirety; and, as so modified, affirmed.