■ Town of Elmira, Respondent, v Mark Hutchison et al., Appellants, et al., Defendants. [862 NYS2d 196]—

Kavanagh, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered May 2, 2007 in Chemung County, which, among other things, enjoined defendants Mark Hutchison and Donna Hutchison from interfering with plaintiff's proposed alterations and improvements to an existing drainage easement.

In 1991, defendants Yunis Enterprises, Inc. and Longmeadow Townhouses Homeowners Association, Inc. granted plaintiff a 30-foot-wide drainage easement across a parcel of property which was later conveyed to defendants Mark Hutchison and Donna Hutchison (hereinafter collectively referred to as defendants). When a new residential development was approved and added to plaintiff's water district, plaintiff notified defendants of its intent to modify the drainage system located within the easement to accommodate the anticipated increase in water flow. Defendants refused to allow plaintiff to enter their property to make the proposed changes and, as a result, plaintiff

commenced this declaratory judgment action. Supreme Court granted a temporary restraining order and preliminary injunction barring defendants from interfering with plaintiff's actions with respect to the drainage easement. Defendants now appeal.

To prove that it was entitled to a preliminary injunction, plaintiff was required to "establish[ ] the likelihood of ultimate success on the merits, irreparable injury and a balancing of equities in [its] favor" (*Ulster Home Care v Vacco*, 255 AD2d 73, 76 [1999]). As for the merits of plaintiff's claims, defendants argue that what plaintiff proposes to do to the drainage system constitutes a modification and, as such, is not a permissible use of the easement. We disagree. At issue is whether plaintiff's proposed actions are consistent with the terms of the easement that define the nature and extent of its use.

" 'The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties' " (*Raven Indus., Inc. v Irvine*, 40 AD3d 1241, 1242 [2007], quoting *Hopper v Friery*, 260 AD2d 964, 966 [1999]). Here, the language of the easement provided plaintiff with "the right to enter upon said above described easements and rights of way with equipment and vehicle if needed in order to repair and maintain the same." Relevant to the determination of the extent of this easement is "any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant" (*Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651, 652 [2000], quoting *Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]).

We agree with Supreme Court that the actions contemplated by plaintiff in making modifications to the drainage system to accommodate the increase of water flow fall within the plain language of the easement and are consistent with its reasonable use. All work as proposed by plaintiff is to take place within the 30-foot area allowed by the easement and is designed to facilitate the anticipated increase in the flow of storm water from the development through the drainage system to large detention ponds that are located downstream from the project. Significantly, the language employed in the easement does not restrict or limit what plaintiff might do to maintain the drainage system and, specifically does not bar the placement of berms or drainage pipes within it; it simply provides for "access and maintaining drainage ways" and requires that any maintenance or repairs occur within the physical dimensions of the easement.

Nor does the easement by its terms limit its use to drainage

that originates within the existing residential development. To insure the continued integrity of the drainage system in plaintiff's water district, essential maintenance necessarily includes improvements that are needed to control any anticipated increase in the water flow. This easement is an integral part of a drainage system that is designed to protect property within plaintiff's water district. To adopt defendants' limited interpretation of its terms—and not include in it the right to make repairs and modifications needed to accommodate an increase in the water flow—would render the drainage system as it is presently constituted obsolete, and is not an interpretation that under all of the circumstances is in the public interest (*see Hoffman v Capitol Cablevision Sys.*, 52 AD2d 313, 318 [1976], *lv denied* 40 NY2d 806 [1976]).

Finally, plaintiff also established that it would be irreparably harmed if the preliminary injunction were not granted and that a balance of equities exists in its favor. The decision to make these improvements and repairs within the easement was rendered only after plaintiff's Town Board had conducted a series of public meetings and found that the construction of the new development would inevitably result in an immediate increase in water flowing into the drainage system. Based on testimony it received, including an affirmation from a licensed civil engineer, it concluded that the proposed modifications had to be implemented to ensure the ongoing protection of property located within the water district. Accordingly, Supreme Court properly granted plaintiff's application for a preliminary injunction enjoining defendants from interfering with plaintiff's actions on the drainage easement and declared that plaintiff was authorized to enter defendants' property to make the alterations and improvements on the drainage system within the easement located on defendants' property.

Cardona, P.J., Mercure, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.