■ JAMES T. KETCHUCK, Appellant-Respondent, v TOWN OF OWEGO et al., Respondents-Appellants, and CHRISTOPHER BARBER et al., Respondents. [897 NYS2d 759]—

Rose, J. Cross appeals from a judgment of the Supreme Court (Tait, J.), entered October 13, 2006 in Tioga County, which, among other things, partially granted motions by defendants Christopher Barber, Patricia Barber, Town of Owego and David Ferris for summary judgment dismissing the complaint against them.

Plaintiff owns land located beyond the west end of a public roadway now known as Cafferty Lane in the Town of Owego, Tioga County. At its west end, Cafferty Lane is approximately 50 feet wide and its western boundary line coincides with the eastern boundary line of plaintiff's land. Beyond the west end of the public roadway lies an unmaintained former road, now known as Old Cafferty Hill Road, running westerly on plaintiff's land along the boundary line between his land and the land to the south owned by defendants Christopher Barber and Patricia Barber. In 1984, the predecessors of plaintiff and the Barbers each granted contiguous easements on their respective lands at the west end of Cafferty Lane to defendant Town of Owego to enable the Town to create and maintain a turnaround for school buses and other vehicles. The eastern boundary line of the easement conveyed by plaintiff's predecessor begins at the southwest

corner of the west end of Cafferty Lane, runs north along the west end of the public roadway to its northwest corner, and then continues north approximately another 25 feet. The easement over the Barbers' land extends south from the southwest corner of Cafferty Lane a distance of 25 feet. To the west, both easements then extend contiguously a distance of approximately 130 feet. Together, they comprise an easement area of approximately three tenths of an acre.

In 2005, plaintiff commenced this action alleging that the Barbers have trespassed by, among other things, using the easement over his land to gain access to their otherwise landlocked property, and that the Town has trespassed by, among other things, leaving snow, gravel and other materials on his land outside the easement area. As relevant to this appeal, plaintiff sought a judgment quieting title to the easement and enjoining the allegedly improper uses of his land. Upon the parties' motions and cross motions, Supreme Court found that the turnaround could be used for the same purposes as a public roadway and, therefore, the Barbers could lawfully use the easement to access their land. Accordingly, the court granted partial summary judgment dismissing plaintiff's causes of action against the Barbers regarding the easement. The court also granted partial summary judgment to the Town by dismissing plaintiff's cause of action to quiet title to the easement. However, because it found questions of fact as to whether the Town and defendant David Ferris, as the Town's Superintendent of Highways, had improperly intruded upon plaintiff's land outside the easement area, Supreme Court denied dismissal of plaintiff's claims of trespass, nuisance, restoration and removal of encroachment, as well as his cause of action alleging a violation of 42 USC § 1983. Supreme Court also denied plaintiff's cross motion for summary judgment. Plaintiff appeals, and the Town and Ferris cross-appeal.

Contrary to plaintiff's argument, Supreme Court did not err in dismissing his causes of action against the Barbers and the Town regarding the easement. "In determining the extent of an easement, it 'must be construed to include any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant' " (*Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651, 652 [2000], quoting *Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]; *see Higgins v Douglas*, 304 AD2d 1051, 1055 [2003]; *Stock v Ostrander*, 233 AD2d 816, 818 [1996]). If there is an ambiguity as to what was contemplated by the terms of the grant, those terms "are to be construed most strongly against the grantor in ascertaining the

extent of the easement" (*Phillips v Jacobsen*, 117 AD2d at 786; *see Neuhaus v Long Is. R. R. Co.*, 30 AD2d 825, 825 [1968], *affd* 23 NY2d 987 [1969]).

Here, the easement over plaintiff's land granted the Town, and implicitly the general public, "an easement and right of way, under, over and on the premises . . . for the purposes of a turn-around at the westerly end of [Cafferty Lane]." The easement granted by the Barbers' predecessors contains identical language, and plaintiff's own documentary evidence shows that the turnaround has been constructed and maintained by the Town to occupy a portion of both easements. The record confirms that the parties contemplated that school buses and other public traffic would use the easements as a right-of-way to safely circle around and reenter Cafferty Lane. Plaintiff cites nothing in the easements, or in the circumstances when they were granted, that shows an intent to prevent the Barbers or the general public from traveling across the easement over plaintiff's land and accessing the Barbers' land where it abuts that easement. These are reasonable uses incidental to the express purpose of the easements, and Supreme Court correctly dismissed plaintiff's causes of action for trespass on, and to quiet title to, the easement area.

As for the cross appeal, the Town and Ferris contend that they cannot be held liable for intrusions upon plaintiff's land because the easement gave them the right to use abutting portions of his land to maintain the turnaround as long as such use was reasonable. As Supreme Court noted, however, the Town presented no facts from which the court could conclude that the nature and extent of the intrusions did not exceed the Town's rights. In addition, their arguments on appeal regarding plaintiff's 42 USC § 1983 cause of action were not raised before Supreme Court and, thus, are not preserved (*see e.g. Janian v Barnes*, 294 AD2d 787, 789 [2002]). Finally, as plaintiff's claims for money damages are subordinate and incidental to his requests for equitable relief, we also agree with Supreme Court that no notice of claim was required (*see Condello v Town of Irondequoit*, 262 AD2d 940, 941 [1999]; *Dutcher v Town of Shandaken*, 97 AD2d 922, 923 [1983]).

The remaining issues raised by the parties either were abandoned (*see Ostuni v Town of Inlet*, 64 AD3d 854, 855 n [2009]), or have been reviewed and found to be without merit.

Mercure, J.P., Spain, Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.