Garry, J.
Appeal from an order of the Supreme Court (Mc- *1217 Dermott, J.), entered October 20, 2011 in Madison County, which, among other things, partially denied a motion by defendant American Towers, Inc. for summary judgment dismissing the complaint against it.
Plaintiff owns real property in the Town of Sullivan, Madison County that has been in agricultural use for several generations. In 1949, plaintiff’s predecessors in title conveyed part of this property to defendant AT&T Corporation for the construction of a communications tower, together with an easement and right-of-way over adjoining property for access to the tower. Pursuant to the parties’ written agreement, AT&T constructed a paved road within the easement, and plaintiffs predecessors retained the right to use the new road. In 2000, AT&T transferred its rights and interest in the property and easement to defendant American Towers, Inc. (hereinafter defendant). In November 2010, plaintiff commenced this action seeking damages for defendant’s alleged failure to maintain or repair the road and a declaration that defendant had abandoned the easement. Defendant and AT&T each moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment. Supreme Court granted AT&T’s motion, granted defendant’s motion only to the limited extent of dismissing plaintiffs abandonment claim, and granted plaintiffs motion on the issue of defendant’s liability for repairs to the road. Defendant appeals.
Plaintiff testified that the road constructed by AT&T replaced a previously existing unpaved farm road that had received little or no maintenance from plaintiffs predecessors. During the 50 years between the construction of the new road and the conveyance to defendant, AT&T responded to plaintiffs requests for maintenance and repairs and maintained the road in a satisfactory condition for farm use. Following the transfer from AT&T in 2000, defendant initially performed some repairs at plaintiffs request, but then ceased repairing and maintaining the road and disclaimed any further responsibility to do so. Plaintiff testified that adverse weather conditions have caused the paved surface to become eroded and deteriorated, some segments of the road have become impassable, and rubble and debris have washed from the roadway onto the adjacent farmland. Plaintiff supplied the affidavit of a highway construction expert who inspected the property and reported that the surface of the roadway was rutted, drainage culverts, shoulders and ditch lines were in need of repair, crops on plaintiffs adjacent property had been destroyed by erosion and there were “[l]arge areas of wash out from recent annual snow melting and rains on adjacent *1218 crop land.” The expert further averred that these conditions were caused by weather conditions such as rain, storms, snow melt and ice and had “seriously reduced the usable adjacent acreage for farm purposes over approximately a mile.” Defendant offered no affidavits or other evidence controverting these claims, contending instead that it has no duty to maintain or repair the road as a matter of law. Upon review of the written easement agreement and the parties’ submissions, we disagree.
“The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties” (Hopper v Friery, 260 AD2d 964, 966 [1999] [citations omitted]; accord Town of Elmira v Hutchison, 53 AD3d 939, 940 [2008]). In general, unless the agreement provides otherwise, the owner of the dominant estate is responsible for maintaining the easement, and the servient owner is under no duty to make repairs (see Tagle v Jakob, 275 AD2d 573, 574 [2000], affd on other grounds 97 NY2d 165 [2001]; 49 NY Jur 2d, Easements § 129). The servient owner has a right to have the land’s natural condition preserved as much as possible, and the dominant owner may not “ ‘materially increase the burden of the servient estate[ ] or impose new and additional burdens on the servient estate[ ]’ ” (Lopez v Adams, 69 AD3d 1162, 1164 [2010], quoting Solow v Liebman, 175 AD2d 120, 121 [1991]; see 49 NY Jur 2d, Easements § 128).
As pertinent here, the 1949 easement agreement provides that “the right of the [g]rantee to maintain said road shall not be construed as a duty to conform to a maintenance standard higher than that previously observed by the [g]rantors, except that the [g]rantee in constructing [the] new road shall provide drainage facilities in order that the adjacent lands of the [grantors will not be flooded out by reason of the road grade” (emphasis added). To support the contention that defendant has no duty to maintain or repair the road for the benefit of plaintiff and his tenants, defendant relies upon plaintiffs testimony that the previously existing farm road was essentially unmaintained and that the current road — even in its deteriorated state — is superior to its predecessor. We agree to the limited extent that plaintiff seeks to oblige defendant to maintain the road in a sufficiently improved condition to be satisfactory for farm use by plaintiff and his tenants {see 49 NY Jur 2d, Easements § 129). However, this conclusion does not end the inquiry in view of the agreement’s explicit language regarding defendant’s obligation to provide drainage facilities and prevent flood damage to plaintiff’s property — the very damage that plaintiff contends has occurred.
*1219 This provision requiring defendant to provide drainage facilities is phrased as an express exception to its otherwise limited responsibility for maintaining the road, and the agreement does not give plaintiff the right or duty to perform such repairs. We find nothing in the agreement that excuses defendant from the obligation to maintain such drainage facilities in sufficiently good repair so as to avoid harm to plaintiffs property. The parties’ intent to hold defendant, rather than plaintiff, responsible for costs related to road repair and maintenance is further reflected in a separate provision of the agreement requiring defendant to indemnify plaintiff “against any and all damages, claims, demands, costs or expenses, which [plaintiff] may suffer ... by reason of the location, construction, maintenance, use or presence” of the road, other than losses attributable to plaintiffs sole negligence (emphasis added; compare Imperati v Kohl’s Dept. Stores, Inc., 91 AD3d 1111, 1114 [2012]).[1] Finally turning to the history of the parties’ performance of the agreement as “circumstances tending to manifest [their] intent” (Hopper v Friery, 260 AD2d at 966; compare Oliphant v McCarthy, 208 AD2d 1079, 1080-1081 [1994]), plaintiff established that, upon his request, AT&T had previously repaired and maintained the roadway’s deteriorated “ditches, catch basins, culverts and sluices” and had corrected erosion damage to the road surface and plaintiffs adjacent crop lands. Under these circumstances, and reading the agreement as a whole, we agree with Supreme Court that defendant is obliged to maintain the roadway’s culverts, ditches and other drainage facilities in sufficiently good repair to prevent flood and erosion damage to plaintiff’s adjacent property, and to repair any damage to plaintiffs land caused by its failure to do so (compare Lopez v Adams, 69 AD3d at 1164-1166).[2] As to the dissent’s objection to our conclusion that the easement agreement makes this obligation “perpetual,” we perceive no reason — as a matter of common sense — why the perpetual right to use an easement across *1220 plaintiffs property should not be accompanied by an equally perpetual duty to do so responsibly. In our view, such duty is in accord with the parties’ expressed intent.
We reject defendant’s contention that the action is time-barred by the three-year limitations period applicable to actions for injury to property (see CPLR 214 [4]). First, we note that, contrary to defendant’s contention that plaintiffs last request for repair was made in 2004, plaintiff twice testified that his last contact for this purpose was in 2007. Moreover, plaintiff alleges that defendant’s ongoing failure to repair the road and its drainage facilities has resulted and continues to result in erosion damage and the recurrent entry onto plaintiffs property of deteriorated pavement, rubble and other debris. “These alleged acts of continuous nuisance and trespass give rise to successive causes of action under the continuous wrong doctrine,” with recovery of damages limited to the three-year period preceding the commencement of the action (Lucchesi v Perfetto, 72 AD3d 909, 912 [2010] [citations omitted]; see Petti v Town of Lexington, 92 AD3d 1111, 1114-1115 [2012]). Defendant next claims that plaintiff is precluded from seeking damages for trespass because of defendant’s easement over the land in question, but that is true only when the scope of the easement has not been exceeded (see Mangusi v Town of Mount Pleasant, 19 AD3d 656, 657 [2005]; Kaplan v Incorporated Vil. of Lynbrook, 12 AD3d 410, 412 [2004]). Here, plaintiffs allegations that products of erosion from the paved road have intruded onto more than a mile of his property and damaged his crop land are unrefuted, and defendant has offered “no facts from which [a] court could conclude that the nature and extent of the intrusions did not exceed [defendant’s] rights” (Ketchuck v Town of Owego, 72 AD3d 1173, 1175 [2010]). Finally, defendant’s claim that plaintiff has suffered no damages as a result of its alleged trespass because he has not yet expended any money to correct the harm to his land is without merit, as “[t]he essence of trespass to real property is injury to the right of possession” (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009]; accord O’Connell v Graves, 70 AD3d 1451, 1452 [2010]). Accordingly, Supreme Court properly found that, although the extent of plaintiffs damages remains to be determined, he has demonstrated his entitlement to summary judgment on the issue of defendant’s liability.
Lahtinen, J.E, and Stein, J., concur.

. As plaintiff concedes, no cause of action has accrued under this provision as he has not expended any funds to repair the damage or otherwise incurred liability or expenses related to road maintenance (see McCabe v Queensboro Farm Prods., 22 NY2d 204, 208 [1968]; 23 NY Jur 2d, Contribution, Indemnity, and Subrogation § 130).

. Defendant argues on appeal that the damage was caused by the operation of heavy farm machinery on the road by plaintiff and his tenants. However, plaintiff made a prima facie showing in support of his cross motion that the sole cause of the damage was defendant’s failure to maintain the road and repair damage caused by adverse weather conditions, and defendant submitted no affidavits or evidence to counter this showing — thus failing to establish triable issues of fact barring summary judgment on this point (see Town of Kirkwood v Ritter, 80 AD3d 944, 945-946 [2011]).