*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 23, 2014                514735
_____

SHAHYER HUSSAIN, as
    Administrator of the Estate
    of YASMEEN BEGUM, Deceased,
    et al.,
                        Appellants,          MEMORANDUM AND ORDER
        v

COUNTY OF SARATOGA et al.,
                        Respondents.
_____

Calendar Date:   September 2, 2014

Before:   Lahtinen, J.P., Stein, McCarthy, Rose and Devine, JJ.

                    _____

        Tabner, Ryan & Keniry, LLP, Albany (Dana L. Salazar of
counsel), for appellants.

        Bailey, Kelleher & Johnson, PC, Albany (Marc J. Kaim of
counsel), for County of Saratoga, respondent.

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Thomas A.
Cullen of counsel), for Trinity Construction, Inc., respondent.

        Miller, Mannix, Schachner & Haffner, LLC, Glens Falls (Leah
Everhart of counsel), for Saratoga County Water Authority,
respondent.

        Goldberg Segalla, LLP, Albany (Mark P. Donohue of counsel),
for Malcolm Pirnie, Inc., respondent.

                    _____

Lahtinen, J.P.

Appeals from two orders of the Supreme Court (Crowell, J.), entered February 28, 2012 and April 19, 2012 in Saratoga County, which, among other things, granted defendants' motions for summary judgment dismissing the complaint.

Yasmeen Begum (hereinafter decedent)[1] owned property upon which she and plaintiff Shahed Hussain (hereinafter Hussain) operated a 12-unit motel in the Town of Wilton, Saratoga County. In 2007, decedent sold a permanent right-of-way and easement to defendant County of Saratoga for placement of an underground three-foot diameter water main as part of a county-wide drinking water project.[2] The easement ran generally north-south along the east edge of decedent's property near an area where several old cabins were located. The cabins had not been used for many years and were dilapidated with no water or electricity. During construction of the water project and within the easement, the contractor came upon an antiquated septic system apparently associated with the cabins. A rusted drum and several pipes were eventually removed from the easement area and not replaced.

Hussain and decedent commenced this action alleging, among other things, that defendants were obligated to replace the septic system. Defendants moved for summary judgment dismissing the complaint and Hussain and decedent cross-moved for partial summary judgment on the issue of liability. Following oral argument on the motions, Supreme Court granted summary judgment to three defendants from the bench and, after further submissions, granted the motion of the remaining defendant. Plaintiffs appeal from both orders.

---

[1] Decedent, who was a plaintiff, passed away while this appeal was pending and we granted a motion to substitute Shahyer Hussain, the administrator of decedent's estate, as a plaintiff.

[2] The County assigned the easement to defendant Saratoga County Water Authority. Defendant Malcolm Pirnie, Inc. designed the water system and oversaw the project. Defendant Trinity Construction, Inc. was the general contractor on the project.

We affirm.  "'The extent and nature of an easement must be determined by the language contained in the grant, aided where necessary by any circumstances tending to manifest the intent of the parties'" (Albrechta v Broome County Indus. Dev. Agency, 274 AD2d 651, 651-652 [2000], quoting Hopper v Friery, 260 AD2d 964, 966 [1999]; accord Ketchuck v Town of Owego, 72 AD3d 1173, 1174 [2010]).  The easement provides in relevant part that "[t]he [g]rantee . . . may remove from within the boundaries of the permanent easement . . . any obstruction which may interfere with the access to or the installation, repairing, replacing, maintaining the use of [the] water pipe line . . ., providing that appropriate restoration or replacement is made."  A restoration provision sets forth the obligations of the grantee. Significantly, it also includes an exception in that "the actual area where the water pipe line, or appurtenances[,] are installed will not be restored as it must function for its intended purpose."

Under the terms of the easement, defendants had the right to remove the sewer system and they were not under any obligation to replace it in the area where the water pipe was located. Defendants further met their burden of establishing that they were not required to construct a code-compliant sewer system on another portion of the property to replace the removed antiquated system that could not be lawfully used.  Proof in such regard included that, among other things, the cabins were uninhabitable and had not been used as rentals for decades, the antiquated sewer system was not grandfathered, and the sewer system could not have been used because that type of system was no longer permitted.  If the cabins had been properly brought up to code and made habitable, a new septic system would have been required in another location on the property and the one removed by defendants would have been of no benefit or value in such regard. Further, defendants established that the 12-unit motel used a separate sewer system that was located west of the cabins – not in the easement or where defendants did any work – and, in fact, the separate system was in an area where plaintiffs had been doing work and piling debris.  Plaintiffs failed to produce proof other than speculation that the antiquated sewer system had any value, that any pipe or other viable part of the separate sewer system for the motel was in the easement and affected by the

construction, or that the system for the motel was damaged in any respect by the construction. Summary judgment was thus properly granted. The remaining arguments by plaintiffs have been considered and are either academic or without merit.

Stein, McCarthy, Rose and Devine, JJ., concur.

ORDERED that the orders are affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court