■ SHELDON H. SOLOW, Appellant, v IRVING LIEBMAN, Re-

spondent.—In an action pursuant to RPAPL article 15 for a determination of title to real property, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Mullen, J.), dated October 3, 1989, which denied his motion for a preliminary injunction, *inter alia,* barring the defendant from removing certain trees and bushes from a piece of property, and erecting a decorative wall on that property, and granted the defendant's cross motion for a preliminary mandatory injunction compelling the plaintiff to remove the trees.

Ordered that the order is affirmed, with costs.

The plaintiff Sheldon Solow commenced this action seeking a determination pursuant to RPAPL article 15 that certain real property to which the defendant Irving Liebman held legal title, was vested in him by reason of adverse possession. In addition, by an amended complaint, the appellant sought a declaratory judgment that he possessed an easement of way over Lot Avenue, a mapped road which leads to Lily Pond Lane, a public road.

Contrary to the plaintiff's contention, we find that the Supreme Court properly granted the defendant's cross motion for a preliminary mandatory injunction to compel the plaintiff to remove a row of trees that he placed over a portion of Lot Avenue. The facts establish that the plaintiff had no right, as a matter of law, to place the trees on any purported access easement he may enjoy over Lot Avenue *(see, West Side Elec. Co. v Consolidated Tel. & Elec. Subway Co.,* 87 App Div 551). The rights of an easement holder are measured by the purpose and character of the easement. The owner cannot materially increase the burden of the servient estate or impose new and additional burdens on the servient estate *(see,* 49 NY Jur, Easements, § 114). While the plaintiff has established that he may enjoy an easement of way over Lot Avenue, this easement would only entitle him to travel upon Lot Avenue. The placement of trees over Lot Avenue has no relation to his alleged right of way over Lot Avenue.

Further, the plaintiff failed to set forth sufficient proof of irreparable injury and a balancing of the equities in his favor to support his motion for a preliminary injunction to bar the defendant from constructing a decorative wall in a portion of Lot Avenue *(see, Grant Co. v Srogi,* 52 NY2d 496; *Nassau Roofing & Sheet Metal Co. v Facilities Dev. Corp.,* 70 AD2d 1021; *Albini v Solork Assocs.,* 37 AD2d 835). We note that since the plaintiff failed to secure a stay of enforcement of this part of the order pending the determination of this appeal, the defendant has since erected the decorative wall. While there

remains a factual dispute as to whether the plaintiff possesses an access easement of way over Lot Avenue, it appears that the defendant can easily take down the decorative wall should the plaintiff prevail. Thompson, J. P., Kunzeman, Lawrence and Balletta, JJ., concur.