■ PHYLLIS EISENBERG et al., Appellants, v STATE OF NEW YORK, Respondent. [912 NYS2d 436]—

In a claim to recover damages for medical malpractice, etc., the claimants appeal from a judgment of the Court of Claims (Lack, J.), dated August 12, 2009, which, upon a decision of the same court dated June 12, 2009, made after a nonjury trial on the issue of liability, is in favor of the defendant and against them dismissing the claim.

Ordered that the judgment is affirmed, with costs.

To prevail at trial in this claim to recover damages for medical malpractice, etc., the claimants were required to prove their case by a preponderance of the evidence (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *Goldberg v Horowitz*, 73 AD3d 691, 694 [2010]; *Johnson v Jacobowitz*, 65 AD3d 610, 613 [2009]; *Speciale v Achari*, 29 AD3d 674 [2006]). The claimants contend that a new trial is necessary because the Court of

Claims improperly held them to the higher clear and convincing evidence standard, and the evidence presented otherwise preponderated in their favor. We disagree with the contention that a new trial is required.

Although the Court of Claims did inaccurately use the phrase "clear and convincing evidence," since this was a bench trial, this Court's authority is as broad as that of the trial court, and this Court may render the judgment it finds "warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]; *Bernardine v City of New York*, 294 NY 361, 366 [1945]; *Stevens v State of New York*, 47 AD3d 624, 624-625 [2008]). We find that the evidence preponderated in favor of the defendant (*see Ausch v St. Paul Fire & Mar. Ins. Co.*, 125 AD2d 43, 46 [1987]). Accordingly, the claim was properly dismissed. Covello, J.P., Angiolillo, Dickerson and Belen, JJ., concur.