■ GRIFFIN's LANDSCAPING CORPORATION (CORP.), Respondent, v PHILIP F. BISESTO, Appellant. [929 NYS2d 867]—

"As this case was tried to the court, without a jury, this

Court's power to review the evidence is as broad as that of the trial court, with appropriate regard given to the decision of the trial judge who was in a position to assess the credibility of the witnesses" (*Bubba's Bagels of Wesley Hills, Inc. v Bergstol*, 18 AD3d 411, 412 [2005]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Contrary to the defendant's contention, the terms of the parties' agreement and the trial evidence regarding the parties' course of conduct thereunder amply demonstrated that the parties mutually intended to credit the monthly payments made by the plaintiff toward the total purchase price of the subject real property, and to forgo reliance upon the purchase money mortgage provision in their agreement (*see generally B. Reitman Blacktop, Inc. v Missirlian*, 52 AD3d 752, 753-754 [2008]). Having acquiesced in this course of conduct for a period of approximately 10 years, during which time the plaintiff's payments exceeded the agreed purchase price of the property and the plaintiff paid all of the expenses associated with the property such that it would suffer "unconscionable injury" (*American Bartenders School v 105 Madison Co.*, 59 NY2d 716, 718 [1983]) if specific performance was not granted, the defendant is estopped from now asserting that the contract is unenforceable (*see e.g. Piga v Rubin*, 300 AD2d 68, 69 [2002]; *Blechner v Pecoraro*, 164 AD2d 878, 880 [1990]).

The defendant's remaining contentions are without merit. Mastro, J.P., Balkin, Chambers and Lott, JJ., concur.