■ BRK PROPERTIES, INC., et al., Appellants, v WAGNER ZIV PLUMBING & HEATING CORP., Respondent, et al., Defendants. [933 NYS2d 99]—

In 2002 the plaintiffs hired the defendant Wagner Ziv Plumbing & Heating Corp. (hereinafter Wagner Ziv) to perform plumbing work on various buildings they owned. After various disputes arose with respect to the work performed and the payment allegedly due for that work, the plaintiffs commenced this action, seeking to recover damages, inter alia, for breach of contract. Wagner Ziv asserted counterclaims, seeking to recover damages based on breach of contract, an account stated, and quantum meruit. After a nonjury trial, the Supreme Court found that the writing relied on by the parties was so cursory and vague as not to be an enforceable contract. The Supreme Court found, however, in favor of Wagner Ziv on its counterclaim for an account stated, and a judgment was entered dismissing the complaint, and awarding Wagner Ziv damages in the principal sum of $59,000 on that counterclaim. The plaintiffs appeal from so much of the judgment as awarded Wagner Ziv damages on that counterclaim.

"[A]n account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and the balance due . . . By retaining billing statements and failing to object to the account within a reasonable time, the recipient of the bill implies that he or she agrees with the sender regarding the amount owed" (*Stephan B. Gleich & Assoc. v Gritsipis*, 87 AD3d 216, 223 [2011] [citations omitted]; *see Rodkinson v Haecker*, 248 NY 480, 485 [1928]; *Law Offs. of Clifford G. Kleinbaum v Shurkin*, 88 AD3d 659 [2d Dept 2011]). In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses (*see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Ryan v IM Kapco, Inc.*, 88 AD3d 682 [2d Dept 2011]; *Griffin's Landscaping Corp. [Corp.] v Bisesto*, 87 AD3d 1111 [2011]). In exercising that power, we find that the verdict on the counterclaim as to an account stated was warranted by the facts with respect to the

plaintiffs BRK Properties, Inc., and Oxford Holding Corp. (*cf. Nebraskaland, Inc. v Best Selections*, 303 AD2d 662, 664 [2003]). The evidence, however, was insufficient as against the plaintiffs Michele Cohen, Inc., and Nat Holding Corp., because the properties owned by those plaintiffs were not implicated in the counterclaim. Therefore, judgment should not have been entered against those plaintiffs.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Balkin, Leventhal and Lott, JJ., concur.