■ DENNIS V. CRAWFORD, Appellant, v VILLAGE OF MILLBROOK, Respondent. [943 NYS2d 180]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court,

Dutchess County (Pagones, J.), dated January 18, 2011, which, after a nonjury trial, is in favor of the defendant and against him dismissing the complaint with prejudice.

Ordered that the judgment is affirmed, with costs.

On October 6, 2004, the plaintiff fell from his motorcycle while driving west on a curved section of New York State Route 343 (hereinafter Route 343), in the Village of Millbrook. Route 343 is maintained by the State of New York, while the intersecting Church Street is maintained by the Village. A police officer filed a report in which he concluded that the plaintiff's accident occurred due to sun glare and the plaintiff's inexperience with driving a motorcycle. The plaintiff conceded that he only had a permit to drive the motorcycle, and did not yet have a license. The plaintiff had no memory of the accident.

Just before the trial began, the plaintiff moved to admit the testimony of a former member of the Village's Board of Trustees, who had not been identified as a witness until the eve of trial. The Supreme Court denied the motion.

At trial, it was established that gravel was found on the road where the accident occurred. The plaintiff introduced the testimony of an asphalt paving expert, who testified at trial that the Village negligently undertook the blacktopping of Church Street in the month before the accident. The only witness to the accident, who had been driving behind the plaintiff when it occurred, testified that the gravel in question had been in the same location for 15 years, although there was more gravel than usual on the day of the accident.

After the nonjury trial, the Supreme Court found in favor of the defendant and against the plaintiff, noting that the plaintiff had failed to prove that any act or omission on the part of the Village was a proximate cause of his injuries. In a judgment dated January 18, 2011, the Supreme Court dismissed the complaint with prejudice. The plaintiff appeals. We affirm.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion on the eve of trial to admit the testimony of a newly identified witness. The plaintiff failed to disclose this witness until six years after commencing the action, and failed to provide a reasonable explanation for his delay in disclosing the identity of the witness (see CPLR 3101; *Spectrum Sys. Intl. Corp. v Chemical Bank*, 78 NY2d 371, 376 [1991]; *Mayorga v Jocarl & Ron Co.*, 41 AD3d 132, 134 [2007]; *Ortega v New York City Tr. Auth.*, 262 AD2d 470 [1999]).

With respect to the ultimate determination of the Supreme Court in favor of the defendant, "[i]n reviewing a determina-

tion made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *WBP Cent. Assoc., LLC v DeCola*, 91 AD3d 861 [2012]). "The liability of a municipality begins and ends with the fulfillment of its duty to construct and maintain its highways in a reasonably safe condition. No liability will attach unless the alleged negligence of the municipality in maintaining its roads is a proximate cause of the accident" (*Levi v Kratovac*, 35 AD3d 548, 549 [2006] [citations omitted]). Here, the Supreme Court properly found that the evidence adduced at trial did not establish that the blacktopping project performed by the defendant on Church Street was a proximate cause of the plaintiff's accident on Route 343. The Supreme Court, therefore, properly found in favor of the defendant and dismissed the complaint with prejudice.

In view of the foregoing, we do not address the plaintiff's remaining contentions. Florio, J.P., Lott, Sgroi and Miller, JJ., concur.