■ ALFRED J. HAVEL, Appellant, v MAURICE GOLDMAN et al., Respondents. [945 NYS2d 332]—

In an action to recover damages for trespass and for injunctive relief, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Tarantino, Jr., J.), dated September 14, 2011, which, upon a decision of the same court dated July 5, 2011, made after a nonjury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff and the defendants are residential neighbors on Carmel Lane, a private road in Hampton Bays. In an area near their residences, the plaintiff owns a 50-foot-wide strip of land (hereinafter the subject parcel) upon which Carmel Lane is situated. The middle of the subject parcel is improved by an earth and stone surface approximately 12 feet wide, which is used as a road. The defendants' lot, and those owned by the other homeowners on Carmel Lane, are benefitted by an easement over the

subject parcel for the purpose of ingress to and egress from those lots. Since 1982, the defendants have maintained an asphalt driveway on their property, which connects to the earth and stone road on the subject parcel. In 2008 the defendants bordered their driveway apron with several large rocks. Shortly thereafter, the plaintiff commenced this action, alleging that the rock borders constituted a continuing trespass, for which he was entitled to damages and injunctive relief. After a nonjury trial, the Supreme Court determined that the plaintiff had failed to establish his cause of action alleging trespass, and dismissed the complaint. The plaintiff appeals from the judgment, and we affirm.

Generally, "an action [alleging] trespass over the lands of one property owner may not be maintained where the purported trespasser has acquired an easement of way over the land in question" (*Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004] [internal quotation marks omitted]). Here, the plaintiff concedes that he owns the subject 50-foot-wide strip pursuant to a deed which reserves to the defendants' lot an easement for "ingress and egress." Where, as here, an easement is granted in general terms, the extent of its use includes any reasonable use necessary and convenient for the purpose for which it is created (*see Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86, 90-91 [1931]; *Somers v Shatz*, 22 AD3d 565, 566-567 [2005]). "In the absence of any countervailing factors, a reasonable use of an easement consisting of a 50-foot-wide strip of land, with a terminus at a town road, is as a driveway providing access to property adjoining the easement" (*Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]; *see Ickes v Buist*, 68 AD3d 823 [2009]). However, the holder of an access easement "cannot materially increase the burden of the servient estate or impose new and additional burdens on the servient estate" (*Solow v Liebman*, 175 AD2d 120, 121 [1991]).

"In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Crawford v Village of Millbrook*, 94 AD3d 1036 [2012]).

Contrary to the plaintiff's contention, the evidence at trial warranted the conclusion that the erection of the rock borders along the defendants' driveway apron was a reasonable use of

their access easement and did not materially increase the burden on the servient estate. Accordingly, the Supreme Court properly dismissed the complaint. Angiolillo, J.P., Lott, Roman and Miller, JJ., concur. **[Prior Case History: 32 Misc 3d 1211(A), 2011 NY Slip Op 51262(U).]**