■ BROADWAY-FLUSHING HOMEOWNERS' ASSOCIATION, INC., Respondent, v ANTHONY DILLUVIO et al., Appellants, et al., Defendants. [947 NYS2d 900]

In August 2004 the defendants Anthony Dilluvio and Joseph M. Dilluvio (hereinafter together the appellants) purchased certain property in Flushing. The subject property is encumbered by a restrictive covenant, known as the Rickert Finlay Covenant (hereinafter the covenant), which provides, in relevant part, that "no fence except hedge or shrubbery will be permitted within 20 feet of the front line or side street line of any lot." In May 2005 the appellants constructed a seven-foot high concrete and stucco wall to enclose a swimming pool they installed in the back of their property.

In October 2005, the plaintiff, which represents the shared interests of certain homeowners in Flushing, commenced this action, inter alia, to enforce the covenant. The plaintiff also sought a permanent injunction to require the appellants to remove the wall on the ground that it violated the covenant. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them. The motion was denied in an order of the Supreme Court, Queens County, entered April 22, 2010. Thereafter, upon a nonjury trial, the Supreme Court granted the plaintiff a permanent injunction to enforce the covenant and directed the appellants to comply with the covenant.

In a companion appeal (*see Broadway-Flushing Homeowners' Assn, Inc., v Dilluvio*, 97 AD3d 614 [2012] [decided herewith]), this Court is dismissing an appeal from the order entered April 22, 2010, because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and are now considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

Contrary to the appellants' contention in support of their motion for summary judgment, the plaintiff had standing to institute this action. "Standing is a threshold determination, resting in part on policy considerations, that a person should be

allowed access to the courts to adjudicate the merits of a particular dispute that satisfies the other justiciability criteria" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 769 [1991]). In determining whether an organization has standing, the court "should be satisfied that the organization before it is an appropriate one to act as the representative of the group whose rights it is asserting" (*Matter of Douglaston Civic Assn. v Galvin*, 36 NY2d 1, 7 [1974]). Here, it is reasonable to conclude that the plaintiff was formed as a "convenient instrument by which the property owners could advance their common interests and that it has a substantial identification with the real property owners" and, therefore, had standing to commence this action to enforce the covenant (*Westmoreland Assn. v West Cutter Estates*, 174 AD2d 144, 151 [1992]).

Moreover, we reject the appellants' further contention in support of their motion for summary judgment that the covenant should not be enforced because it is ambiguous. "Restrictive covenants will be enforced when the intention of the parties is clear and the limitation is reasonable and not offensive to public policy" (*Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 431 [2004]). The party claiming that a restriction is unenforceable bears the burden of proving it (*id.* at 434). Here, the appellants failed to meet their burden of proving that the covenant was unenforceable. The evidence showed that the purpose of the covenant was to benefit and preserve the open yard, as well as the "unobstructed, open character of the neighborhood, unimpeded and unburdened" by man-made structures, such as a fence or, in this case, a concrete and stucco wall.

Moreover, "[i]n reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (*BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Crawford v Village of Millbrook*, 94 AD3d 1036 [2012]). Under the facts of this case, where the plaintiff provided clear and convincing evidence of the covenant and its scope (*see Greek Peak v Grodner*, 75 NY2d 981, 982 [1990]), where the appellants had knowledge of the covenant but chose to continue with their construction, where the plaintiff suffered irreparable harm in the form of the obstruction of the open views intended by the covenant, and where the equities are balanced in the plaintiff's favor, the Supreme Court correctly granted a permanent injunction (*see generally Elow v Svenningsen*, 58 AD3d 674, 675 [2009]).

The appellants' remaining contentions are without merit. Rivera, J.P., Florio, Eng and Cohen, JJ., concur.