■ STEPHANIE BELLUARDO et al., Appellants, v STATE OF NEW YORK, Respondent. [950 NYS2d 481]—

In a claim to recover damages for medical malpractice, etc., the claimants appeal from a judgment of the Court of Claims (Lack, J.), dated November 12, 2010, which, upon a decision of the same court dated September 24, 2010, made after a nonjury trial, is in favor of the defendant and against them, dismissing the claim. The notice of appeal from the decision is deemed a notice of appeal from the judgment (*see* CPLR 5512 [a]).

Ordered that the judgment is affirmed, with costs.

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Havel v Goldman*, 95 AD3d 1174, 1175 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Crawford v Village of Millbrook*, 94 AD3d 1036, 1037-1038 [2012]). To prevail at trial in this claim to recover damages for medical malpractice, the claimants were required to prove their case by a preponderance of the evidence (*see Eisenberg v State of New York*, 79 AD3d 795, 795 [2010], citing *Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 550 [1998]; *see Goldberg v Horowitz*, 73 AD3d 691, 694 [2010]; *Johnson v Jacobowitz*, 65 AD3d 610, 613 [2009]; *Speciale v Achari*, 29 AD3d 674 [2006]). Contrary to the claimants' contention, the evidence preponderated in favor of the defendant (*see Eisenberg v State of New York*, 79 AD3d at 796). Additionally, as the Court of Claims correctly determined, the evidence did not show that the doctrine of res ipsa loquitur

applied to this case (*see Yousefi v Rudeth Realty, LLC*, 61 AD3d 677 [2009]; *see generally Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [1986]; *Antoniato v Long Is. Jewish Med. Ctr.*, 58 AD3d 652, 654-655 [2009]). Accordingly, the Court of Claims properly dismissed the claim.

The claimants' remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.