■ SHUTTLE CONTRACTING CORP., Appellant, v BEHZAD PEIKARIAN et al., Respondents. [968 NYS2d 179]—

In an action, inter alia, for a judgment declaring that the defendants are not permitted to construct a driveway across that portion of the plaintiff's property known as "the bulge" in order to access the paved portion of a private road known as Dwight Lane, the plaintiff appeals from an order of the Supreme Court, Nassau County (Cozzens, Jr., J.), entered August 18, 2011, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a judgment declaring that the defendants are

permitted to construct a driveway across that portion of the plaintiff's property known as "the bulge" in order to access the paved portion of a private road known as Dwight Lane.

Ordered that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a judgment declaring that the defendants are permitted to construct a driveway across that portion of the plaintiff's property known as "the bulge" in order to access the paved portion of a private road known as Dwight Lane is denied.

The plaintiff is the owner of real property in Nassau County known as Dwight Lane, a private road which, at most points, is approximately 30 feet wide. Within Dwight Lane is a paved roadway, ranging in width from 12 to 13 feet. The defendants are the owners of a parcel of real property abutting Dwight Lane which was subdivided into three buildable lots. The portion of Dwight Lane which abuts one of the subdivided parcels is wider than the rest of Dwight Lane, and the wider portion is a grassy area known as "the bulge." The defendants' right to use Dwight Lane for, among other things, ingress and egress was granted in an easement dated January 5, 1950.

The plaintiff commenced this action against the defendants, inter alia, for a judgment declaring that the defendants are not permitted, under the easement, to construct a driveway across the bulge in order to access the paved portion of Dwight Lane from the subdivided parcel. In the order appealed from, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a judgment declaring that they are permitted to construct a driveway across the bulge in order to access the paved portion of Dwight Lane.

The documentary evidence submitted by the defendants establishes that they were granted an easement in general terms, with no limitations, which described the right-of-way over Dwight Lane by its metes and bounds. Where, as here, an easement is granted in general terms, "the extent of its use includes any reasonable use necessary and convenient for the purpose for which it is created" (*Havel v Goldman*, 95 AD3d 1174, 1175 [2012]; *see Missionary Socy. of Salesian Congregation v Evrotas*, 256 NY 86, 90-91 [1931]; *Ketchuck v Town of Owego*, 72 AD3d 1173, 1174 [2010]; *Phillips v Jacobsen*, 117 AD2d 785, 786 [1986]). Further, the holder of an access easement "cannot materially increase the burden of the servient estate or impose new and additional burdens on the servient estate" (*Solow v Liebman*, 175 AD2d 120, 121 [1991]; *see Havel v Goldman*, 95 AD3d at 1175).

Here, the subject branch of the defendants' motion was made pursuant to CPLR 3211 (a) (1). A motion pursuant to CPLR 3211 (a) (1) to dismiss a complaint on the ground that a defense is founded on documentary evidence may be appropriately granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 88 [1994]). Although the defendants' documentary evidence established that they were granted a right-of-way over the entire width of Dwight Lane, including the bulge, the deeds and the written easement submitted by the defendants did not conclusively establish, as a matter of law, that the construction of the driveway constituted a *reasonable* use of the easement, necessary and convenient for the purpose for which it was created, and that the driveway did not materially increase the burden on the servient estate. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint and for a judgment declaring that they were permitted to construct a driveway across the bulge in order to access the paved portion of Dwight Lane.

The plaintiff's remaining contentions need not be reached in light of the foregoing. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.