OPINION OF THE COURT Joan B. Lefkowitz, J. It is ordered the motion is denied; and it is further ordered the branch of the cross motion which seeks judgment declaring defendants’ rights pursuant to the easement is granted to the extent that defendants may enter judgment declaring that the easement may be used to temporarily park vehicles owned or operated by defendants, defendants’ tenants and the tenants’ customers, and to load and unload deliveries made to the premises owned by defendants. The parties disagree on the extent to which the defendants may use a 50-foot-wide easement which serves defendants’ property and burdens plaintiff’s premises. Plaintiff claims the defendants may not load or unload vehicles or park vehicles within the subject 50-foot easement. Defendants claim that they, their tenants and the tenants’ customers may load and unload vehicles and park vehicles within the subject easement area as long as the parked vehicles do not prevent plaintiff from using the easement area for purposes of ingress and egress. The parties own contiguous parcels in the Village/Town of Mount Kisco. Defendant, 269 North Bedford Rd. Mt. Kisco Corp. (hereinafter 269 Bedford), owns a commercial building on North Bedford Avenue. It leases retail and office space to three tenants. The defendant, 271 North Bedford Rd. Mt. Kisco Corp. (271 Bedford), also owns a commercial building on North Bedford Avenue. 271 Bedford leases the building to a car dealership. The buildings are separated by the 50-foot easement which runs from North Bedford Avenue to the rear of buildings where the parcel owned by the plaintiff is located. The 50-foot easement is not plaintiff’s sole means of access to its property, since plaintiff may access its premises through public streets. The parties trace their title to a 1946 deed by which Valerio Martabano conveyed title to the premises owned by the plaintiff and the defendants to other members of the Martabano family. Thereafter, by deed dated November 10, 1953, the Martabanos conveyed title to the plaintiff’s parcel to M.K.R Corporation, which was controlled by members of the Martabano.family. The 1953 deed reserved three easements, described as proposed roads, one of which is the 50-foot easement which is the subject of this litigation. The deed stated that the easement reserved to the sellers and others was “for ingress and egress over three proposed roads, running from Bedford Road to the premises.” In 1956 the premises presently owned by plaintiff were conveyed by M.K.P. Corporation to the Grand Union Company which either owned or leased the premises for approximately 50 years. Grand Union operated a warehouse and distribution center on the premises. Plaintiff acquired the premises by deed dated February 7, 2005. The 2005 deed was subject to a reservation of the 50-foot easement. Plaintiff presently leases several buildings located on the premises. Both 269 Bedford and 271 Bedford, which are corporations controlled by members of the Martabano family, acquired their title in 1983 by deeds which recite that the conveyance of title includes the 50-foot “easement of right-of-way” which runs between buildings located at 269 and 271 North Bedford Avenue. Defendants claim, and plaintiff does not deny, that the various businesses which have occupied buildings located at 269 and 271 North Bedford Avenue have used the 50-foot easement since 1953 to gain access to bay doors of both buildings which front the easement, and to load and unload deliveries, and to park vehicles within the easement area. Photographs depict the 50-foot easement as a paved roadway with vehicles diagonally parked against both the 269 North Bedford Avenue and the 271 North Bedford Avenue buildings. In addition, the photographs depict a lane of travel available to vehicles running between the vehicles parked against the buildings on either side of the easement area. For more than 50 years prior owners of plaintiff’s parcel did not object to the loading or unloading of vehicles or to the parking of vehicles within the 50-foot easement. Plaintiff, who purchased the premises in 2005, did not object to the loading and unloading of vehicles or to the parking of vehicles within the easement area until 2013 when it sought site plan approval for development of its premises and proposed using the 50-foot easement as a third entrance to the development. Plaintiff commenced this action when the parties disagreed whether vehicles are permitted to park in the easement area. Plaintiff seeks judgment declaring that no vehicles are permitted to park, or to load or unload, in the easement area, and an injunction prohibiting vehicles from parking within the easement area. Defendants counterclaim seeking judgment declaring that vehicles are permitted to load and unload and to park within the easement area. Following the completion of discovery each party seeks summary judgment. “Express easements are construed to give effect to the parties’ intent, as manifested by the language of the grant. Where, as here, an easement provides for the ingress and egress of motor vehicles, it is granted in general terms and the extent of its use includes any reasonable use necessary and convenient for the purpose for which it is created” (Hoffmann v Delbeau, 139 AD3d 803, 804 [2d Dept 2016]). Here, where the grant of easement is stated in general terms, where there is a 60-year history of using the easement area for the parking and the loading and unloading of vehicles, where the plaintiff did not object to such use for eight years, and where plaintiff’s predecessors in interest did not object to such use for more than 50 years, the court finds that the use of the easement area for the loading and unloading of vehicles and for the parking of vehicles owned or operated by the defendants, the defendants’ tenants and the tenants’ customers which does not interfere with plaintiff’s ability to access its property is a reasonable use of the easement that is necessary and convenient for the purpose for which the easement was created (Ribellino v 110 Fifth St. Private, LLC, 112 AD3d 807 [2d Dept 2013]; Havel v Goldman, 95 AD3d 1174 [2d Dept 2012]; Albright v Davey, 68 AD3d 1490 [3d Dept 2009]; Ledley v D.J. & N.A. Mgt., 228 AD2d 482 [2d Dept 1996]; Mandia v King Lbr. & Plywood Co., 179 AD2d 150 [2d Dept 1992]). Plaintiff argues that the area of the easement cannot be used for any purpose other than to carry traffic since the deed creating the easement described the easement as a road (the deed actually described it a proposed road). However, plaintiff cites no law to support its argument. Moreover, plaintiff’s argument lacks common sense. Many, if not most, roads are used every day to park vehicles and to engage in other vehicular activities, such as loading and unloading vehicles, associated with the businesses abutting the road. Plaintiff also claims that all activity other than vehicular traffic is banned in the easement area because the easement area is defined by a metes and bounds description. In making this claim plaintiff misreads the law. The general rule concerning the scope of an easement is sometimes stated, “where an easement is created by express grant and its sole purpose is to provide ingress and egress, but it is not specifically defined or bounded, the rule of construction is that the reservation refers to such right of way as is necessary and convenient for the purpose for which it was created, and includes any reasonable use to which it may be devoted, provided the use is lawful and is one contemplated by the grant” (Mandia at 158; see also Ledley). The limiting language set forth in the cases, “not specifically defined and bounded,” refers not to a metes and bounds description of the easement as plaintiff claims, but to a limiting, or bounding, of the purpose of the easement. Finally, plaintiff does not claim that access to its premises is limited by vehicles parking in the easement area. Accordingly, the plaintiff is not entitled to the declaratory or injunctive relief it seeks, and defendant is entitled to judgment permitting the use of the easement for loading and unloading vehicles and for parking vehicles owned or operated by defendants, defendants’ tenants and the tenants’ customers. Since the court holds that the easement may be used, as it historically has been, for the parking of vehicles owned or operated by defendants, defendants’ tenants and the tenants’ customers, the court need not address defendants’ cause of action for judgment declaring a prescriptive easement.* The plaintiff also complains that stairs, curbing, dumpsters, fencing, piping and a retaining wall encroach on the easement area. However, plaintiff does not describe how these alleged encumbrances impede its ingress or egress. Moreover, defendant claims, and plaintiff does not deny, that plaintiff’s predecessor in interest erected the fence, and that the stairs, curbing and piping preexisted the grant of the easement. The dumpsters, if they encroach on the easement area, should be moved. The plaintiff may remove the fence erected by its predecessor in interest.