Appeals from a decision of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated November 9, 2015, and an order of that court dated February 17, 2016. The order denied the defendants’ motion pursuant to CPLR 4404 (b) to set aside the decision, made after a nonjury trial.
 

 Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,
 

 Ordered that the order is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the respondents. The plaintiffs commenced this action to recover damages for breach of contract and unjust enrichment, alleging that the defendants owed them unpaid rent and loans. After a nonjury trial, in a decision dated November 9, 2015, the Supreme Court found in favor of the plaintiffs and against the defendants. Thereafter, the defendants moved pursuant to CPLR 4404 (b) to set aside the decision. The court denied the motion, and the defendants appeal.
 

 Pursuant to CPLR 4404 (b), after a nonjury trial, a court may, on the motion of a party or its own motion, set aside its decision and make new findings of fact or conclusions of law (see Trimarco v Data Treasury Corp., 146 AD3d 1008, 1009 [2017]; Paterno v Strimling, 107 AD3d 1233, 1234 [2013]). “In reviewing a determination made after a nonjury trial, this Court’s power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses” (BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884 [2011]; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Bryant v Broadcast Music, Inc., 143 AD3d 934, 935 [2016]). “Where the trial court’s findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court’s credibility determinations” (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930 [2015]; see Neiss v Fried, 127 AD3d 1044, 1046 [2015]). Here, in light of the evidence presented at trial, and giving the Supreme Court’s credibility determinations due deference (see Gomez v Eleni, LLC, 122 AD3d 797, 798-799 [2014]; DSM, Inc. v Paul Reiser Excavating, Inc., 112 AD3d 576 [2013]), we find no basis to disturb the court’s determinations.
 

 The defendants’ remaining contentions are without merit.
 

 Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.