Brisk v Bloch (2018 NY Slip Op 06712)





Brisk v Bloch


2018 NY Slip Op 06712


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-04917
 (Index No. 11921/13)

[*1]Chany Brisk, respondent-appellant,
v
Basya Wolf Bloch, appellant-respondent.


Schwartz, Sladkus, Reich, Greenberg, Atlas LLP, New York, NY (Matthew C. Kesten of counsel), for appellant-respondent.
Paneth & O'Mahony, PLLC, Brooklyn, NY (Michael Paneth and William J. O'Mahony of counsel), for respondent-appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant appeals, and the plaintiff cross-appeals, from a judgment of the Supreme Court, Kings County (Lawrence Knipel, J.), dated March 30, 2016. The judgment, insofar as appealed from, after a nonjury trial, in effect, is in favor of the plaintiff and against the defendant dismissing the defendant's counterclaim for an award of attorneys' fees. The judgment, insofar as cross-appealed from, upon an order of the same court (Genine Edwards, J.) dated September 18, 2015, inter alia, denying the plaintiff's motion for summary judgment on her cause of action for specific performance, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, without costs or disbursements.
The plaintiff and the defendant owned residential property across the street from each other in Brooklyn. In March 2012, they entered into two contracts, one for each property, in which the plaintiff agreed to pay the defendant $649,990 for the defendant's home, and the defendant agreed to pay the plaintiff $499,990 for the plaintiff's home. The transactions were contingent on the defendant obtaining a mortgage within 60 days of the execution of the contracts. If the defendant were unable to do so, she was permitted to cancel the contracts in writing within five business days after the deadline for obtaining a mortgage. The defendant's applications for a mortgage were denied and her attorney sent a letter dated July 18, 2012, to the plaintiff's attorney cancelling the contracts. Neither the plaintiff nor her attorney responded in writing. In November 2012, the defendant's attorney sent a letter to the plaintiff's attorney with a check for the reimbursement of title search expenses, which was required upon termination of the contracts. Neither the plaintiff nor her attorney objected.
Thereafter, in early 2013, both parties listed their properties for sale with the same real estate broker, and the defendant received an offer to purchase her property from a third party. In April 2013, the plaintiff sent the broker an offer to buy the defendant's house for $1,335,000. In May 2013, the plaintiff sent a letter to the defendant stating that she still had a contract on the defendant's home which was in full force and effect. In June 2013, the defendant entered into a contract of sale with the third-party buyer. The plaintiff then commenced this action seeking specific [*2]performance and damages for breach of contract, and filed a notice of pendency against the defendant's property. The defendant answered the complaint and asserted counterclaims for, inter alia, an award of attorneys' fees.
The plaintiff moved for summary judgment on her cause of action for specific performance, which the Supreme Court denied. Thereafter, following a nonjury trial, the court found that the plaintiff's conduct after receiving the defendant's letter of cancellation indicated that she accepted the defendant's termination of the contracts. The court rendered judgment in the defendant's favor and struck the notice of pendency. The court also dismissed the defendant's counterclaim for an award of attorneys' fees.
We agree with the Supreme Court's denial of the plaintiff's motion for summary judgment on her cause of action for specific performance, which is brought up for review on this appeal from the judgment (see CPLR 5501[a][1]). The plaintiff failed to meet her prima facie burden of demonstrating that "she was ready, willing, and able to perform . . . her obligations under the contract, regardless of any alleged anticipatory breach by the defendant" (Aliperti v Laurel Links, Ltd., 27 AD3d 675, 676; see Internet Homes, Inc. v Vitulli, 8 AD3d 438, 439).
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (BNG Props., LLC v Sanborn, 153 AD3d 1221, 1221-1222, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "Where the trial court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Bennett v Atomic Prods. Corp., 132 AD3d 928, 930; see BNG Props., LLC v Sanborn, 153 AD3d at 1222; Neiss v Fried, 127 AD3d 1044, 1046).
Here, we agree with the Supreme Court's determination that the plaintiff accepted the defendant's termination of the contracts. The credible evidence adduced at trial established that neither the plaintiff nor her attorney objected to the termination, the plaintiff later placed her property on the market, and she made an offer to purchase the defendant's property for more than double the purchase price set forth in the parties' contracts. The first time the plaintiff took steps to enforce her rights under the contract was after such conduct and nearly one year after the defendant's letter of cancellation. The plaintiff's conduct evinces an intent to abandon the contracts (see Savitsky v Sukenik, 240 AD2d 557, 559; Jones v Trice, 202 AD2d 394, 395). Accordingly, the complaint was properly dismissed and judgment rendered in the defendant's favor.
We agree with the Supreme Court's determination to dismiss the defendant's counterclaim for an award of attorneys' fees. A promise to pay attorneys' fees to the prevailing party cannot be clearly implied from the language of the contracts (see Hooper Assoc. v AGS Computers, 74 NY2d 487, 492; Goldman v Citicore I, LLC, 149 AD3d 1042, 1045-1046; 214 Wall St. Assoc., LLC v Medical Arts-Huntington Realty, 99 AD3d 988, 990).
LEVENTHAL, J.P., MILLER, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court