Wachtel Masyr & Missry, LLP v Harris (2020 NY Slip Op 01203)





Wachtel Masyr & Missry, LLP v Harris


2020 NY Slip Op 01203


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2017-04083
2017-04084
 (Index No. 1841/13)

[*1]Wachtel Masyr & Missry, LLP, et al., respondents,
v
Laureen Harris, appellant.


Ryan, Brennan & Donnelly, LLP, Floral Park, NY (John E. Ryan of counsel), for appellant.
Wachtel Missry LLP, New York, NY (Evan Weintraub and David Yeger of counsel), for respondent Wachtel Masyr & Missry, LLP.



DECISION & ORDER
In an action, inter alia, to recover unpaid legal fees, the defendant appeals from (1) a judgment of the Supreme Court, Nassau County (Robert A. Bruno, J.), entered February 22, 2017, and (2) an order of the same court entered April 11, 2017. The judgment, insofar as appealed from, upon a decision of the same court entered December 12, 2016, made after a nonjury trial, is in favor of the plaintiff Wachtel Masyr & Missry, LLP, and against the defendant in the principal sum of $144,994.42. The order, insofar as appealed from, denied the defendant's motion, in effect, pursuant to CPLR 4404(b) to set aside the decision.
ORDERED that the judgment is affirmed insofar as appealed from, and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Wachtel Masyr & Missry,
LLP.
The plaintiff Wachtel Masyr & Missry, LLP (hereinafter Wachtel), represented the defendant in an action involving the dissolution of a family-run law firm. The defendant refused to pay some of Wachtel's invoices, alleging that Wachtel forfeited its legal fees by abruptly resigning from her case. Wachtel commenced this action, inter alia, to recover unpaid legal fees based on theories of breach of contract and account stated. After a nonjury trial, the Supreme Court issued a decision finding, among other things, that the defendant was obligated to pay the balance due and owing to Wachtel for the services it had rendered pursuant to its retainer agreement with the defendant. On February 22, 2017, the court entered a judgment in favor of Wachtel and against the defendant in the principal sum of $144,994.42. The defendant moved, in effect, pursuant to CPLR 4404(b) to set aside the decision. The court denied the motion in an order entered April 11, 2017. The defendant appeals.
The Supreme Court's determination that Wachtel was entitled to a money judgment against the defendant for unpaid legal fees was warranted by the facts. The evidence adduced at the [*2]trial demonstrated that Wachtel sent the defendant regular invoices for services that Wachtel performed pursuant to its retainer agreement, that the defendant did not object to the invoices, and that the outstanding balance due totaled $144,994.42 (see Sullivan v REJ Corp., 255 AD2d 308, 308; see also Finger & Finger, A Professional Corp. v Buckingham Owners, Inc., 165 AD3d 887, 888). In light of the evidence presented at trial, and giving the court's credibility determinations due deference (see BNG Props., LLC v Sanborn, 153 AD3d 1221), we find no basis to disturb the court's determinations.
The defendant's contention that Wachtel forfeited its legal fees by failing to amend the retainer agreement pursuant to 22 NYCRR 1215.1 is unpreserved for appellate review.
The defendant's remaining contentions are without merit.
ROMAN, J.P., MILLER, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court