Lubarsky v City of New York (2026 NY Slip Op 01046)

Lubarsky v City of New York

2026 NY Slip Op 01046

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2023-08742
2024-00931
 (Index No. 150514/19)

[*1]Lisa Lubarsky, respondent, 
vCity of New York, et al., defendants, FJC Security Services, Inc., et al., appellants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (Patrick J. Lawless of counsel), for appellants.
Joseph A. Romagnolo (John Z. Marangos, Staten Island, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants FJC Security Services, Inc., Universal Protection Service, LLC, and AlliedBarton Security Services, LLC, appeal from (1) a judgment of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated August 3, 2023, and (2) an order of the same court dated October 20, 2023. The judgment, upon a decision of the same court dated May 9, 2023, made after a nonjury trial, finding those defendants 80% at fault and the plaintiff 20% at fault in the happening of the subject accident, and upon a decision of the same court dated July 13, 2023, finding that the plaintiff sustained damages in the sum of $600,000, is in favor of the plaintiff and against the defendant FJC Security Services, Inc., in the principal sum of $480,000. The order denied the motion of the defendants FJC Security Services, Inc., Universal Protection Service, LLC, and AlliedBarton Security Services, LLC, pursuant to CPLR 4404(b) to set aside the decision dated May 9, 2023, or, in the alternative, to set aside so much of that decision as apportioned 80% of the fault to those defendants and only 20% to the plaintiff.
ORDERED that the appeal from the judgment is dismissed as academic, without costs or disbursements, except to the extent it brings up for review the finding that the plaintiff sustained damages in the sum of $600,000, in light of our determination on the appeal from the order; and it is further,
ORDERED that the judgment is affirmed insofar as reviewed, without costs or disbursements; and it is further,
ORDERED that the order is modified, on the facts, by deleting the provision thereof denying that branch of the motion of the defendants FJC Security Services, Inc., Universal Protection Service, LLC, and AlliedBarton Security Services, LLC, which was pursuant to CPLR 4404(b) to set aside so much of the decision dated May 9, 2023, as apportioned 80% of the fault to those defendants and only 20% to the plaintiff, and substituting therefor a provision granting that branch of the motion to the extent of apportioning 60% of the fault to those defendants and 40% of the fault [*2]to the plaintiff; as so modified, the order is affirmed, without costs or disbursements, the judgment is vacated except to the extent it brings up for review the finding that the plaintiff sustained damages in the sum of $600,000, and the matter is remitted to the Supreme Court, Richmond County, for a recalculation of damages based upon an apportionment of 60% of the fault to those defendants and 40% of the fault to the plaintiff and the entry of an appropriate amended judgment thereafter.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell from a bicycle in Brookfield Park after swerving to avoid a motor vehicle that was owned and operated by the defendants FJC Security Services, Inc., Universal Protection Service, LLC, and AlliedBarton Security Services, LLC (hereinafter collectively the defendants). The defendants provided security services, including vehicle patrols, at the park pursuant to a contract with the defendant City of New York. At a nonjury trial on the issue of liability, the plaintiff testified that, on the date of the accident, she was cycling down a straightway portion of a path in the park, approaching a curve, when she observed the defendants' SUV on the path approximately 25 feet in front of her. The plaintiff testified that the SUV appeared to be stopped and was obstructing the path. The plaintiff testified that she veered to the right to avoid striking the SUV but collided with a guardrail and flipped over.
Following the trial on the issue of liability, the Supreme Court issued a decision dated May 9, 2023, finding the defendants 80% at fault and the plaintiff 20% at fault in the happening of the accident. The defendants subsequently moved pursuant to CPLR 4404(b) to set aside that decision or, in the alternative, to set aside so much of the decision as apportioned 80% of the fault to the defendants and only 20% to the plaintiff. While the motion was pending, the court issued a decision dated July 13, 2023, finding that the plaintiff sustained damages in the sum of $600,000, which it reduced by 20% based on the liability verdict. On August 3, 2023, the court issued a judgment in favor of the plaintiff and against FJC Security Services, Inc., in the principal sum of $480,000. By order dated October 20, 2023, the court denied the defendants' motion pursuant to CPLR 4404(b). The defendants appeal.
"Pursuant to CPLR 4404(b), after a nonjury trial, a court may, on the motion of a party or its own motion, set aside its decision and make new findings of fact or conclusions of law" (BNG Props., LLC v Sanborn, 153 AD3d 1221, 1221; see Carney v Carney, 236 AD2d 574, 575). "In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses" (BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499). "[W]here the court's findings of fact rest in large measure on considerations relating to the credibility of witnesses, deference is owed to the trial court's credibility determinations" (Neiss v Fried, 127 AD3d 1044, 1046 [internal quotation marks omitted]; see BNG Props., LLC v Sanborn, 153 AD3d at 1222).
Here, in light of the evidence presented at trial, including, inter alia, evidence that the defendants' SUV created a dangerous condition by obstructing the pathway, and giving due deference to the Supreme Court's credibility determinations, we find no basis to disturb the court's determination finding that the defendants' negligence was a substantial factor in the happening of the accident. However, the court's determination that the defendants were 80% at fault in the happening of the accident was not warranted by the facts. The evidence at trial, including testimony from the parties' respective expert witnesses, indicated that the SUV would have been visible to the plaintiff at a greater distance than 25 feet. Under the circumstances, and considering the negligence of both the plaintiff and the defendants, we determine that the record warrants an apportionment of 60% of the fault to the defendants and 40% of the fault to the plaintiff (see Finney v Morton, 170 AD3d 811, 813).
We find no basis, however, to disturb the Supreme Court's determination with respect to the amount of damages sustained. Considering the evidence regarding the nature and extent of the plaintiff's injuries and a review of comparable precedent, the damages award did not deviate materially from what would be reasonable compensation (see generally Fuentes v Ingram, 235 AD3d [*3]850, 852).
Accordingly, we remit the matter to the Supreme Court, Richmond County, for a recalculation of damages based upon an apportionment of 60% of the fault in the happening of the accident to the defendants and 40% of the fault to the plaintiff and the entry of an appropriate amended judgment thereafter.
The defendants' remaining contentions are without merit.
BARROS, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court